## West Chicago St. R. R. Company v. Henry A. Foster, Adm'r.

1. MEASURE OF DAMAGES—*Death from Negligent Act—Pain and Suffering and Loss of Time.*—In an action brought by the representative of a deceased person to recover damages for negligence causing injuries to the deceased, bodily pain and suffering and loss of time resulting from the injuries sustained by the deceased, can not be considered as an element of damages if the injuries were the cause of his death.

2. NEGLIGENCE—*Attempt to Cross Tracks of Street Railroad in Front of Approaching Car.*—This court can not say, under the circumstances of this case, as matter of law, that the attempt of appellee's intestate to cross the tracks of a street railroad in front of an approaching car under a mistaken impression that there was sufficient time to cross in safety, was negligence.

3. STREETS—*Right of Public to Use of, Not Abridged by Construction of Street Railway Tracks.*—A street is a public highway, and the right of all persons to cross it, as occasion may require, is not abridged by the construction of a street railway track therein.

4. TRIALS—*Instructions to Find for Defendant—Waiver of Requests for.*—Requests for instructions to find a verdict for the defendant made at the close of the plaintiff's evidence and at the end of all the evidence, are waived by introducing evidence and asking instructions on the merits.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 3, 1898.

ALEXANDER SULLIVAN, attorney for appellant; B. F. RICHOLSON, of counsel.

It must be conceded that no recovery can be had in this case unless the deceased himself, had he lived and been present at the trial, could have recovered. In other words, if the plaintiff's intestate at the time and place in question was wholly and solely to blame, or even if his conduct was such that he contributed in any way to the injury, the plaintiff can not recover. Lake S. & M. S. Ry. v. Hessions, 150 Ill. 546; North C. S. R. R. Co. v. Eldridge, 151 Ill. 542; Aurora Branch R. R. Co. v. Grimes, 13 Ill. 585.

It is negligence to expose one's self to injury with knowledge of the danger. Abend v. Terre H. & I. R. R. Co., 111 Ill. 202; Village of Clayton v. Brooks, 150 Ill. 97.

Deceased was required to make a reasonable use of his senses of sight and hearing, and a failure to do so is contributory negligence. Gunzales v. New York, etc., R. Co., 50 How. Pr. 126; Marland v. Pittsburg & L. E. R. R. Co., 123 Pa. St. 487; Pennsylvania R. R. Co. v. Bell, 122 Pa. St. 58.

Appellee can not claim that proper care was exercised by deceased in looking, if, despite what he must have heard and seen, he placed himself in a place of peril. A mere heedless glance is not sufficient. Moore v. Philadelphia, W. & B. R. R. Co., 108 Pa. St. 349; Warner v. People's St. Ry. Co., 141 Pa. St. 615; Marland v. Pittsburg & L. E. R. R. Co., 123 Pa. St. 487; Partlow v. Illinois C. R. R. Co., 150 Ill. 321.

Appellee assumed the burden of proof as to due care and caution on part of the deceased by the pleadings in this case. Wabash, St. L. & P. Ry. v. Shacklet, 105 Ill. 364; Blanchard v. Lake S. & M. S. Ry. Co., 126 Ill. 416.

The motorman had a right to presume that travelers knew the situation, and that they would not voluntarily place themselves or stay in a position of danger, and until the contrary was apparent, or would be apparent to an ordinarily reasonable and careful person—that the traveler was not avoiding a threatened danger, he had a right to assume that he would do so. Chicago, & E. I. R. R. Co. v. Hines, 132 Ill. 161; Bunyan v. Citizens' Ry. Co., 29 S. W. R. 842; Everett v. Los Angeles C. E. Ry. Co., 43 Pac. Rep. 207; Glazebrook v. West End St. Ry. Co. (Mass.), 35 N. E. R. 553;

Fenton v. Second Ave. R. R. Co., 26 N. E. R. 967; Moore v. Philadelphia, W. & B. R. R. Co., 108 Pa. St. 349; Poole v. North Carolina R. R. Co., 8 Jones' L. (N. C.) 340; Starry v. Dubuque & S. W. R. R. Co., 51 Ia. 419.

BLAISDELL & McCASKILL, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This was an action by the appellee against appellant for alleged negligence in the operation of its street cars, by reason of which appellee's intestate, Michael Connell, was injured during his lifetime. The suit was brought by Connell in his lifetime, and survived to appellee, his personal representative under the statute. Appellee recovered judgment for $3,000. Counsel for appellant say in their argument that it was admitted on the trial that the death of Connell occurred from causes other than the injuries complained of, which appears to be substantially true, as appellee's counsel, in their argument to the jury, and also in the instructions given to the jury at their request, proceeded on the theory that if the verdict should be for appellee, he would be entitled to recover for the bodily pain and suffering and loss of time of the deceased necessarily consequent to the injuries sustained by him, which damages could not be recovered if the injuries caused his death. Holton v. Daly, 106 Ill. 131.

Michael Connell, at and prior to the time of the accident, was engaged in retailing coal and wood, and had a coal and wood yard on the easterly side of Milwaukee avenue, in the city of Chicago, at numbers 1289 and 1291 of that street, and about the middle of a long block, or half way between two cross streets. Milwaukee avenue runs northwest and southeast, and is intersected by streets running due east and west. Appellant has two street car tracks in the street. Its most easterly track is used by its cars running northwest and its westerly track by its cars running southeast. June 29, 1894, about the middle of the day, Michael Con-

nell was driving a team of two horses attached to an ordinary coal wagon southeasterly on the westerly side of Milwaukee avenue from some place northwest of his coal yard. At the same time a combination grip car of appellant, being a car the front one-third of which is open, and the rear two-thirds closed, was moving from the southeast on the easterly or northwest bound track, and running northwesterly toward the coal yard, so that Connell was approaching the coal yard on the westerly side of the street from the northwest, and appellant's car was approaching it on its easterly track from the southeast. When Connell reached a point opposite his coal yard, he turned his horse across the street, and started across appellant's tracks toward the gate of the coal yard. Appellant's car collided with the wagon on the easterly track. The day was clear and bright. The collision threw Connell out of the wagon toward the southeast, the direction from which the grip car was coming. There is a conflict in the evidence of the witnesses as to the distance between the wagon and the grip car at the time Connell started to cross the tracks, varying all the way from ten or twelve to three hundred feet. Some of the witnesses merely testify to the distance between them when they first saw the wagon. There is also a conflict in the evidence as to whether the grip car struck the fore or hind wheel of the wagon. All of appellee's witnesses testified that the car struck the hind wheel of the wagon, and Connell, the deceased, in his deposition which was read in evidence, testified: "It struck the hub of the hind wheel, which will become apparent now from the indentation that the bumper of the grip car made in the hub of the wheel." Appellant's witnesses all testified that the grip car struck the front wheel of the wagon. The evidence shows that the collision shoved the wagon forward and to the right of the line of direction in which the grip car was moving, which, in connection with the fact that Connell fell toward the southeast, the opposite direction from that in which the car was moving, would seem to indicate that the car collided with the rear part of the wagon. A conductor

of appellant who was on the car, testified that its speed was about eight miles per hour; the gripman testified that he was not running ten miles per hour; some of the witnesses testified that the speed was twelve miles per hour.

Appellant's counsel contend that the deceased was guilty of negligence which contributed to the injury, and that the verdict is contrary to the weight of the evidence. In support of the first proposition they quote the following from Connell's deposition: "About noon on that day I was going southeast on Milwaukee avenue with an empty coal wagon and got down opposite to my coal yard, which is on the northeast side of the street, and I glanced down the avenue and saw a grip car coming up and 1 assumed that there was sufficient time for me to get in the coal yard, and acting on that impression I crossed the first track with my team; crossed the intervening space between both tracks; the team had crossed the track next to the coal yard—the front of the body of the wagon had crossed that track and the hind wheel of the wagon got into the track when the grip struck them;" and argue that this is evidence of negligence. We can not say, as matter of law, that the attempt of the deceased to cross appellant's tracks under the circumstances above stated, was negligence. In Chicago & E. I. R. R. Co. v. O'Connor, 119 Ill. 586, the company assigned as error the refusal of the trial court to give the following instruction: "In this case, if you find from the evidence that the decedent O'Connor, was injured solely by his making a mistake as to which track the train was coming on, then the plaintiff can not recover, and you shall find a verdict for the defendant." In reference to this instruction the court say: "To mistake, that is, to err in judgment or opinion, does not necessarily imply a failure in duty on the part of the person mistaken—his judgment wrong through no fault of his—because those lights were illusive and deceptive. Whether here assuming that O'Connor was mistaken in the respect indicated in the instruction, that mistake was because of some failure in duty on his part, or because of some failure in duty on the part of the defendant, was under the evidence as preserved in the record, a question of

fact for the jury." The street is a public highway; the right of all persons to cross it, as occasion may require, is no less now than it was before appellant's tracks were constructed, and any one desiring to cross it must, of necessity, exercise his judgment as to when he may do so safely. One might so attempt under such circumstances, admitted or uncontroverted, that reasonable minds could come to no other reasonable conclusion than that he was negligent in so doing, and therefore not legally entitled to recover for injuries occasioned by his own negligence; but in view of the evidence this is not such a case. The evidence is so conflicting on the merits, that whichever way the jury might have found, the court would not be warranted in setting aside the verdict on the ground that it was against the weight of evidence.

We find no error in appellee's instructions two and three, objected to by appellant's counsel. The objection that the question whether the death of Connell was the result of the injuries complained of or of other causes, is omitted from instruction two, is not tenable, in view of the statements in the argument of appellant's counsel that it was admitted that he died from causes other than the injuries occasioned by the accident, and that the court said, in the presence of the jury, that there was not evidence as to what caused his death.

The instructions requested by appellant's counsel, one at the close of appellee's evidence, and the other at the close of all the evidence, to find a verdict for appellant, were properly refused, in addition to which exceptions to their refusal were waived by introducing evidence on the merits and asking instructions on the merits. The modification of special interrogatories which appellant requested to be submitted to the jury, is also excepted to. We find no error in that respect. Finally objection is made that the damages are excessive. While we might be better satisfied if the amount awarded were less, yet considering the evidence in regard to the injuries, we can not say that it is so manifestly excessive as to require a reversal of the judgment. The judgment will be affirmed.