### Mary E. Keeshan, Administratrix, v. Elgin, Aurora & Southern Traction Company.

#### Gen. No. 4,609.

1. DECLARATION—*when repugnancy bad; when not.* It is permissible to join repugnant matters in the same declaration, but repugnant matters may not be pleaded in the same count.

2. DECLARATION—*when count of, bad for repugnancy.* A declaration which alleges that the plaintiff's intestate was intoxi-

cated and unable to care for himself, and which likewise avers that he was in the exercise of due care, is bad for repugnancy.

3. DECLARATION—*how repugnancy of, may be taken advantage of.* The vice of repugnancy in a declaration may be availed of even by general demurrer.

4. DECLARATION—*when not bad for duplicity.* A declaration which avers a fact in the alternative is not double.

5. ORDINARY CARE—*what does not excuse failure to exercise.* Voluntary intoxication will not excuse a person for a failure to exercise the degree of care reasonably expected of a sober person.

Action for damages for loss of support. Appeal from the Circuit Court of Kane county; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the October term, 1905. Affirmed in part and reversed in part. Opinion filed March 13, 1907.

FISHER & MANN, for appellant; R. N. BOTSFORD, of counsel.

HOPKINS, PEFFERS & HOPKINS and JOHN A. RUSSELL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The first count in the declaration in this case alleges that on the 13th day of March, 1904, the defendant was operating a railroad extending from the city of St. Charles, in Kane county, to the city of Elgin, in the same county, for the purpose of carrying for hire passengers thereon with cars propelled by electricity; that on said day, at Riverview switch, a station on said road, Edward J. Keeshan became a passenger in a certain car of defendant, to be carried from said station to the city of Elgin; that before the arrival of said car at said city of Elgin, at, to wit, station 31, on said railroad, the defendant by its servants in charge of said car "wrongfully, wantonly and wilfully, and without any cause, and in violation of the rights of said Edward J. Keeshan as a passenger on said car, forcibly and violently committed an assault upon

Edward J. Keeshan, and with insult and injury and great and unnecessary violence, then and there expelled said Edward J. Keeshan from said car, and threw him with great force upon the ground'' at said station 31, and refused to permit him to re-enter said car, and caused said car to proceed to Elgin, leaving said Kee-shan at said station 31; that when said Keeshan was so expelled, it was then and there night time, dark and the weather was cold and stormy, snow was falling rapidly and the wind was blowing hard; that said station 31 was five miles from Elgin, and there was no place of shelter at said station 31 or in the immediate neighborhood where said Keeshan could find shelter or had any right to seek, ask for or expect to receive shelter, and said defendant had no place to shelter persons at said station 31; that when said Keeshan was expelled from said car, he was, as was well known to the defendant, very much intoxicated and unable to care for himself, and ten minutes after he was expelled from said car, and while he was thus intoxicated and while it was night time, and the weather was cold, with snow falling heavily, ''he started from station 31 to his home in said city of Elgin, and while endeavoring to walk across a certain bridge crossing Fox river on the line of said railroad between said station 31 and said city on his way home, and using due care and caution for his own safety, and while he was still intoxicated as aforesaid,'' said ''Keeshan fell off or walked off said bridge and into the water of said river which was icy cold, out of which water he was unable to get without assistance, and remained therein for the space of two hours, and until assisted by other persons to get out, at which time he was nearly dead from exposure to which Keeshan was subjected as aforesaid,'' and in consequence of his having been by said defendant wrongfully, wantonly and wilfully expelled from said car under the circumstances aforesaid, said Keeshan died on the 14th day of March, 1904; that said Keeshan left surviving him Mary E. Keeshan, his

widow, and Catherine Keeshan, his minor child, and by reason whereof said survivors have been deprived of their means of support, and said child of her means of education. The second count is similar to the first, except it is alleged that the deceased was on his way to St. Charles and got off the car at Riverview and changed to a car going towards Elgin. The third count is similar to the second count, except it is not alleged that deceased was a passenger in the car to which he changed.

To this declaration a demurrer both general and special was interposed. The court sustained the demurrer as to the special causes as to each count, and the plaintiff electing to stand by the declaration, judgment was rendered against the plaintiff for costs, and the plaintiff appeals.

The sole question presented to this court for its determination is, did the trial court err in sustaining the demurrer to the declaration?

It will be observed this is not a suit to recover damages suffered by the deceased Keeshan for a wrongful ejection of a passenger from a car. The action is to recover loss of the means of support sustained by his wife and next of kin because of the death of Keeshan, which it is claimed was caused by the wrongful ejection from a car of the defendant.

It is alleged in each count that the deceased was very much intoxicated and unable to care for himself, and that this was known to the defendant at the time, and that while in such condition he was wrongfully ejected from the defendant's car at station 31. It is also alleged that ten minutes thereafter he started to walk home, and while endeavoring to walk across a certain bridge crossing Fox river on the line of said railway, between said station 31 and the city of Elgin, and using due care and caution for his own safety, and while still intoxicated he fell or walked off said bridge into the water, and by reason of the exposure in the water he subsequently died. One of the special causes

of demurrer is that the allegations of the declaration and each count thereof are repugnant in this, that it is averred that plaintiff's intestate was very much intoxicated and unable to care for himself, and that he was using due care and caution for his own safety while he was still intoxicated. It is permissible to join repugnant counts in the same declaration or to plead repugnant pleas, but repugnant matters may not be pleaded in the same count or plea. It is a necessary averment that the deceased was in the exercise of due care, such care as a person of ordinary prudence would have exercised under such circumstances, or some legal excuse must be alleged for the failure to exercise due care. The same count, however, should not allege facts which show he was not in the exercise of due care, and also allege that he was in the exercise of due care. The two allegations that he was intoxicated and was unable to care for himself, and that he was using due care, are inconsistent and neutralize each other. The rule is that repugnancy in material averments may be taken advantage of even by a general demurrer. 18 Ency. of Pl. & Pr. 743; Gould on Pl., chap. 111, sec. 173; Andrews' Stephens on Pl. 381; Mix v. People, 92 Ill. 549; People v. Gillespie, 47 Ill. App. 522. If the defendant in place of demurring had joined issues, and a jury were to be instructed as to the law in the case, one of the allegations only could be followed, and a pleading is always taken most strongly against the pleader. Repugnancy, even in an immaterial point, is a fault in form that may be taken advantage of by a special demurrer.

Another of the special causes of demurrer is that the declaration is double, in that it alleges he "fell off or walked off said bridge." We do not think this contention can be sustained. It is pleading in the alternative but it is not claimed that he did both, and the demurrer on the ground of duplicity is not well taken.

The declaration alleges that the deceased was ejected at station 31, and that ten minutes thereafter

he started to walk from station 31 to his home, but does not allege by what route. It is not alleged that he went along the right of way of defendant or by a public road, and it is not alleged whether there was or was not a public road at said station for egress therefrom, except as an inference may be drawn from the fact that it was a' station of the defendant. There should be some allegation regarding the location of the bridge mentioned in the declaration with reference to station 31, the distance from the one to the other, and that the plaintiff either did not or could not get off the right of way of defendant without trespassing. Plaintiff will be presumed to be a trespasser on the bridge unless the allegations show he was there of right or because of the acts of defendant. The only allegations in that connection are that he was intoxicated; that he was put off at station 31; that while he was walking on his way home he fell off a bridge that is on the line of the railway; and that he was in the exercise of due care.

It is argued that the case of Burke v. C. & N. W. Ry. Co., 108 Ill. App. 573, in which it was held a demurrer should not have been sustained to a declaration, is a parallel case. The cases are not at all similar. In the Burke case, plaintiff, while unconscious from drunkenness, was taken by an officer of the law to a railway depot, a ticket purchased for him, and he was placed on the train by the officer, and placed in charge of the trainmen, and the ticket given to the conductor. At his destination he was forcibly taken off by the trainmen, and left on the platform between two tracks, one of which he must cross to get to a public street. Cars were being switched on the track he and the other passengers had to cross to get to the street, and it is alleged his intoxication was known to the employes of the railway that were switching the cars by which he was knocked down and injured. That declaration did not contain the allegation that the plaintiff was using care for his own safety.

It is a general rule that voluntary intoxication will not excuse a person for failure to use the degree of care reasonably expected of a sober person. South Chicago City Ry. Co. v. Dufresne, 200 Ill. 456, and the cases therein cited. In Burke v. C. & N. W. Ry. Co. *supra,* on page 573, may be found a quotation from Smith v. Norfolk & Southern R. Co., 114 N. C. 728, 25 L. R. A. 287, which, to save repetition, we adopt as a concise citation of the authorities in illustration and support of the foregoing rule.

Following the law as stated the declaration fails to state a cause of action. The allegations show that the cause of the death of the deceased was his own negligence, resulting from his voluntary intoxication, in walking off or falling off the bridge. There is no connection alleged between his ejection from the car and his getting on the bridge, nor any allegation that he was not off the right of way between being put off the car at station 31 and the bridge in his journeying homeward. He was not injured by the act of any servant or by any device of the defendant company nor directed to or given leave or license to go to or upon the bridge. There is no causal connection alleged between any act of the defendant and his death. The declaration failing to allege facts from which his death can be attributed to the ejection, the demurrer was properly sustained and there was no error in rendering judgment on the demurrer for the defendant.

The court erred in awarding an execution against appellant, an administratrix, for costs, and that portion of the judgment must be reversed. But as appellant did not argue the point here the costs of this court will be adjudged against appellant, without execution. That part of the judgment awarding execution is reversed. In all other respects the judgment is affirmed.

*Affirmed in part and reversed in part.*