MARY E. KEESHAN, Admx.

*v.*

THE ELGIN, AURORA AND SOUTHERN TRACTION COMPANY.

*Opinion filed October 23, 1907.*

1. CARRIERS—*declaration must show connection between alleged wrongful act and the injury.* A declaration in an action against a carrier for damages occasioned by the death of a passenger, who, after being ejected from defendant's car, attempted, in an intoxicated condition, to walk on the track to his home and fell from a trestle bridge into a river, must show a connection between the alleged wrongful act of ejection and the injury; and the fact that the declaration charges excessive force in the ejection, and alleges that the weather was inclement and there was no shelter where the passenger was ejected, does not show such connection.

2. SAME—*carrier is not bound to provide against possible injury which could not reasonably have been anticipated.* Even though it be not essential to the liability of a carrier for an injury to a passenger, happening subsequent to his ejection from its car, that the servant in charge who ejected him should have been able to anticipate the *particular* injury which occurred, yet the carrier is not liable for a failure to provide against a *possible* injury which could not at the time have been reasonably anticipated.

3. NEGLIGENCE—*voluntary intoxication does not excuse exercise of ordinary care.* Voluntary intoxication does not excuse a person from exercising such care as may reasonably be expected from one who is not intoxicated.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. A. BISHOP, Judge, presiding.

FISHER & MANN, (R. N. BOTSFORD, of counsel,) for appellant.

HOPKINS, PEFFERS & HOPKINS, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The appellant, Mary E. Keeshan, administratrix of the estate of her deceased husband, Edward J. Keeshan, filed in the circuit court of Kane county her declaration against appellee, the Elgin, Aurora and Southern Traction Company, charging it with wrongfully causing the death of said Edward J. Keeshan. The defendant filed a general demurrer to the declaration, and afterward, by leave of court, added seven special causes of demurrer. The court sustained the demurrer, general and special, and the plaintiff having elected to stand by the declaration, the court entered judgment against her for costs. The Appellate Court for the Second District affirmed the judgment, except as to an order for execution against the plaintiff, and this further appeal was prosecuted.

The declaration consists of three counts, the first of which alleges the following facts: That on March 13, 1904, defendant was operating a railroad extending from the city of St. Charles, in Kane county, to the city of Elgin, in the same county; that on said day, at Riverview Switch, a station on said road, Edward J. Keeshan became a passenger, for a certain fare and reward, in a car bound for the said city of Elgin; that when he entered said car he was very much intoxicated and unable to care for himself, which was known to the defendant's servant in charge of the car; that on the arrival of the car at station 31, and before the arrival of the car at Elgin, the defendant, by its said servant, forcibly and violently, and with insult and injury, and with great and unnecessary violence, expelled Keeshan from said car and refused to permit him to re-enter the same; that it was night time, and the weather was cold and stormy and snow was rapidly falling and the wind was blowing very hard; that there was no shelter at station 31 or in the immediate neighborhood; that the home of Keeshan, where he wished to go, was at Elgin, five miles from station 31;

that he was still very much intoxicated and unable to care for himself; that ten minutes after he was expelled from the car he started to walk from said station to his home in Elgin while so intoxicated and in said state of the weather; that in endeavoring to cross a certain bridge over Fox river, on the line of said railroad, on his way home, and while using due care and caution for his own safety and while the weather was cold and stormy and the snow then and there rapidly and heavily falling, he fell off or walked off said bridge into the water of the river, which was icy cold, and out of which he was unable to get without assistance; that he remained there for two hours until assisted by other persons to get out, and that as a result thereof he died on March 14, 1904, leaving plaintiff his widow, and a daughter, who were deprived of their means of support. The same facts are alleged in the second and third counts, with the exception that in the second count it is alleged that at Riverview Switch the deceased changed from a passenger car used for the conveyance of passengers towards the city of St. Charles and entered the car for the carriage of passengers towards the city of Elgin.

The declaration alleges that Keeshan was expelled from the car with unnecessary violence and the law does not justify the use of unreasonable or excessive force, but the declaration does not allege that any injury resulted from the act of expulsion from the car or the unnecessary violence charged. The death of Keeshan is alleged to have been caused by his falling off or walking off of a railroad bridge at another time and place, so that the averment of excessive force adds nothing to the supposed cause of action. It is neither alleged in the declaration nor claimed by counsel that defendant was bound to carry Keeshan to the city of Elgin, where he resided, nor that he could not have been rightfully ejected from the car at a proper time and place, but it is insisted that the declaration states a cause of action by averring that he was expelled from the car when he was intoxi-

cated and incapable of exercising care in his own behalf, at a place and under conditions where he was exposed to a known peril. The propositions stated by counsel are, in substance, that although a passenger who is intoxicated to such a degree as to render him unable to care for himself and who refuses to pay fare may be rightfully ejected at the proper time and place, such facts will not justify an expulsion without exercising due care with reference to time, place and surroundings; that a carrier of passengers has no right to eject such a person at a time or place where he will be subject to danger of bodily injury, and that if he is ejected under such circumstances the carrier is liable for resulting damages. If these propositions are correct it does not follow that the declaration states a cause of action, since it is necessary that the declaration should establish a connection between the alleged wrongful act and the injury. If a helpless drunken passenger is expelled from a car in the condition of the weather alleged in the declaration, it might be a probable consequence that he would be injured by exposure to the cold and storm, or, if he was unfit to care for himself, it might be a natural result that he would be run over and injured or killed by other cars. But no such injury resulted. It is true that if Keeshan had not been ejected from the train and had been carried to Elgin he would not have walked off or fallen off the bridge; but it is conceded by counsel that defendant was not bound to carry him to Elgin, and that the only wrong alleged relates to his expulsion in the state of the weather alleged and at a place where there was no shelter. It is alleged that he wished to go to his home in Elgin, and if the defendant was not bound to carry him his only recourse was to walk, and that he attempted to do. He would naturally and probably have set out for home on foot if he had never been admitted to the car or never been expelled therefrom. His starting for home had no connection with his being or having been on the car, except that the defendant refused to carry

him, which it had a right to do, and his attempt to walk to his home across defendant's bridge has no apparent connection with his expulsion from the train. There is no allegation that it was necessary for him to cross the bridge on account of the weather or the place where he was left, or that there was no highway by which he could have reached his home. The defendant is not charged with any fault in respect to its bridge, if there could be any duty to maintain a railroad bridge in condition for foot passengers. Keeshan's falling from the bridge is not chargeable to any defect in the bridge but to his intoxication, and voluntary intoxication will not excuse a person from exercising such care as may reasonably be expected from one who is sober. (*Toledo, Peoria and Warsaw Railway Co.* v. *Riley,* 47 Ill. 514; *Chicago, Rock Island and Pacific Railroad Co.* v. *Bell,* 70 id. 102; *Illinois Central Railroad Co.* v. *Cragin,* 71 id. 177; *South Chicago City Railway Co.* v. *Dufresne,* 200 id. 456; Thompson on Negligence, sec. 2935.) If putting Keeshan off at the time and place alleged was a wrongful act on account of the condition of the weather, the declaration shows no natural connection between that act and the consequences which resulted from his attempting to walk to his home, in his intoxicated condition, across defendant's bridge. If it was not necessary to a liability of the defendant that its servant in charge of the car should be able to anticipate the particular injury which might result from a wrongful act, still the defendant cannot be held liable for failing to provide against a possible injury which could not have been reasonably anticipated. If Keeshan was expelled and left in a place where he was exposed to unnecessary peril in his drunken condition, on account of the cold and storm, there is no connection between that act and his walking or falling off the bridge.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*