# John F. Devine, Administrator, Appellee, v. Boston Store of Chicago, Appellant.

## Gen. No. 16,117.

1. MASTER AND SERVANT—*who not fellow servants as a matter of law.* An elevator operator in sole charge of the operation of an elevator is not as a matter of law the fellow servant of a clerk employed in a clerical capacity, who was in the habit of using such elevator.

2. PLEADING—*when declaration failing to allege absence of fellow servant relation sufficient.* If a declaration directly and indirectly improperly fail to allege that the plaintiff and the servant whose negligence caused his injury were not fellow servants, if the evidence justi-

fied the jury in finding that such relation did not exist the declaration is good after verdict.

3. INSTRUCTIONS—*when reference to limits of recovery will not reverse.* In a death case an instruction which tells the jury that the amount of their verdict "may be any sum between $1 and $10,000" though open to some criticism in referring to the *ad damnum* is not ground for reversal.

4. INSTRUCTIONS—*when ignoring defense of fellow servants cannot be complained of.* If an instruction be improper in ignoring the defense of fellow servants complaint thereof cannot be made by the opposite party if he requested and caused the court to give an instruction or instructions containing a like impropriety.

5. INSTRUCTIONS—*use of phrase "by such carelessness."* Held, that the use of the phrase referred to in the instruction under criticism was not calculated to mislead the jury.

6. INSTRUCTIONS—*when modification as to probative effect of happening of injury proper.* Held, that the following statement contained in the instruction as originally presented was too sweeping and that the modification made by the court was accurate and proper. "Nor is the happening of the injury to the deceased any evidence whatever that the defendant is liable for his injuries, or that the plaintiff is entitled to your verdict."

7. NEGLIGENCE—*effect of concurring.* If the negligence charged against the defendant is established a verdict against him is proper notwithstanding the injury complained of was contributed to by the negligence of a third person not joined as a defendant.

8. NEGLIGENCE—*what may be shown to establish in operation of elevator.* As bearing upon the care required to operate an elevator and the duty of the defendant to ascertain whether or not his operator was sufficiently capable and experienced, it is competent for the plaintiff to show every known fact in relation to the operation of such elevator including the speed at which the elevator was ordinarily capable of being operated.

9. NEGLIGENCE—*what incompetent to establish in operation of elevator.* Held, that it was improper to permit a city elevator inspector to give his opinion to the effect that a man ought to have two or three months' experience in operating an elevator in order to become thoroughly competent.

10. EVIDENCE—*what competent in action for death by wrongful act.* In such a case it is not improper to permit a witness to testify that the deceased was industrious.

11. EVIDENCE—*when objection to model will not avail.* If a model was used by counsel for both parties and by the witnesses for purposes of illustration without objection, an objection for the first time made in the appellate court to such use will not avail.

12. Verdicts—*when not excessive.* Held, in a death case, that a verdict of $3,000 was not excessive where it appeared that the deceased was 32 years of age, was unmarried, earned $13.50 per week, resided with his mother, paid her from 4 to 4½ dollars per week for his board, and in addition gave her $10 per month.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. George W. Patton, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 14, 1912.

Winston, Payne, Strawn & Shaw, for appellant; Ralph M. Shaw and Edward W. Everett, of counsel.

Charles T. Farson and Gardner, Stern, Anderson & Davis, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

Appellee, as administrator of the estate of Samuel Kahn, deceased, recovered a verdict and judgment in the Superior Court against appellant, Boston Store of Chicago, for $3,000, as damages for wrongfully causing the death of his intestate.

The declaration contains three counts. In each count it is alleged that in the building occupied by appellant it operated and controlled an elevator for the conveyance of passengers from floor to floor of said building, which elevator was particularly used at the time in question for the carriage and conveyance of the employes and servants of appellant in the due course of their business and employment; that the deceased was a servant or employe of appellant, working in a clerical position, and at the time in question had occasion, in the course of his employment, to go to another floor in said building, and for that purpose signalled the said elevator, etc. The first count charges careless and negligent operation of the elevator, by the servants of appellant in charge of and operating the same, in starting it before the deceased

had entirely passed into the car; the second count charges a failure to keep the elevator at rest a sufficient length of time to enable the deceased to safely get into the car; and the third count charges appellant with negligence in employing an incompetent servant to operate the elevator.

At the close of the evidence for appellee, and again at the close of all the evidence, appellant moved the court to instruct the jury to find it not guilty, but in each instance such motion was denied and the instruction refused.

The elevator in question was known as No. 15. It was operated by hydraulic power and was used exclusively in carrying the employes of appellant. The power was communicated to the machinery which operated the elevator, by means of a lever, which moved from right to left within an arc shaped frame. When the lever was placed in the center of the frame, the car remained stationary, and the lever was held in place by a spring catch on its inner side which fitted into a slot in the frame. The spring catch was released by a device underneath the handle of the lever. When the lever was moved to the right the car descended in the shaft and when it was moved to the left the car ascended. The door of the car was opened and closed by air pressure controlled by a knob placed above the lever and also by a foot treadle connected with the knob by a chain. When the knob was pulled down about an inch the door opened and when the knob was released the door closed. The lever was located in the front of the car to the left of the door, and in moving the lever the operator most conveniently used his left hand.

The deceased was employed in a clerical capacity in the mail order department of appellant's business, conducted on the seventh floor of the building, but upon occasion was required to visit other departments of appellant's business, conducted upon the several

other floors of the building, and for this purpose cus-
tomarily used one or the other of two elevators opera-
ted by appellant for the use of its employes.   On the
occasion of the accident in question the deceased was
on the second basement floor, at which floor the car
had been standing a few minutes.   The deceased hur-
riedly approached the entrance to the car, the door
being open, and had partially entered the car, when
the door commenced to close and the car suddenly
and rapidly ascended.    The deceased was thereby
caught between the floor of the car and the floor of the
first basement, and so seriously injured that he died.
The operator in charge of the car was Edward Fesen-
meyer, who had then been in the employ of appellant
about a week.   Prior to the attempt by the deceased
to enter the car, four of appellant's employes, other
than Fesenmeyer, were in the car.   Ida Friedman,
Yetta Goldstein and Harold Dahlin, a bundle boy, had
been in the car several minutes, and Irene Briggs im-
mediately preceded the deceased.

It is claimed by appellee that Fesenmeyer moved
the lever at the time the deceased was entering the
car, before allowing sufficient time for the door to
close, while appellant claims that the lever was moved
by Ida Friedman, immediately after Fesenmeyer re-
leased the knob for the purpose of closing the door.
Upon this issue the evidence, while somewhat conflict-
ing, justifies a finding that the lever was moved by
Fesenmeyer, and it is practically conceded by appel-
lant that if the lever was moved by Fesenmeyer he
was negligent in that respect.   It is, however, insisted
by appellant that Fesenmeyer and the deceased were
fellow-servants as a matter of law within the consocia-
tion branch of the fellow servant rule, and that there
can, therefore, be no recovery under the first and sec-
ond counts of the declaration.   The question whether
or not Fesenmeyer and the deceased were fellow ser-
vants was not submitted to the jury as one of fact,

and it, therefore, only remains in the case as a question of law. The admitted facts that Fesenmeyer was employed by appellant to operate an elevator for the carriage of other of its employes; that the means provided for the operation of the elevator were wholly within the direction and control of Fesenmeyer; that the deceased was an employe of appellant engaged in a clerical capacity, and in the usual course of his employment was in the habit of being carried upon the elevator so operated by Fesenmeyer, do not as a matter of law constitute the deceased and Fesenmeyer fellow servants, so as to relieve appellant from liability for an injury to the deceased by the negligence of Fesenmeyer. In other words, upon the facts stated, it cannot be said as a matter of law that the usual duties of Fesenmeyer and the deceased were such as to bring them into habitual association so that they had the opportunity and power to influence each other to the exercise of caution. Chicago City Ry. Co. v. Leach, 208 Ill. 198. The statement in Walsh v. Cullen, 235 Ill. 91, relied upon by appellant, to the effect that an employer who owns and operates an elevator is subject to all the duties toward his employes that obtain in other cases where the relation of master and servant exists and the servant is subject to the rules of law governing the assumption of risks and the negligence of fellow servants does not mean that as a matter of law the relation of fellow servants exists in all instances between servants who operate elevators for the carriage of other servants and such other servants.

The case was not tried in the court below upon the theory that appellant owed the strict duty to the deceased that arises out of the relation of carrier and passenger, and it is, therefore, not necessary to discuss that question.

It is next urged that the first and second counts of the declaration do not state a cause of action, because

it is neither specifically alleged therein that the deceased and Fesenmeyer were not fellow servants, nor are there any allegations therein justifying a reasonable inference that they were not fellow servants under the consociation rule. True, in neither of said counts of the declaration is it expressly alleged that the deceased and Fesenmeyer were not fellow servants, but as the facts alleged and proved did not constitute them fellow servants as a matter of law, the question became one of fact for the jury, and said counts of the declaration were thereby made good after verdict. Chicago & Alton R. R. Co. v. Swan, 176 Ill. 424; Bennett v. Chicago City Ry. Co., 243 Ill. 420.

As the evidence warrants a recovery under the first and second counts of the declaration, it is not necessary to consider in detail the evidence bearing upon the third count of the declaration. A careful analysis of such evidence, however, leads us to the conclusion that a verdict against appellant upon the third count would not be unwarranted.

The fourth instruction, given at the instance of appellee, relates to the question of damages, and is based upon the hypothesis that appellant shall have been found guilty under either count of the declaration. The instruction is well guarded, and the direction at its conclusion that the amount of the verdict, "may be at any sum between one dollar and ten thousand dollars, which you find the pecuniary loss to be," is not in this case seriously objectionable, although reference to the amount of the *ad damnum* in the declaration is open to criticism. It is said, "The fault with this instruction is that the jury would be impressed with the idea that substantial damages ought to be allowed." If the jury found appellant guilty as premised in the instruction, the deceased having left him surviving lineal next of kin, pecuniary loss would be presumed. C. P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330. It cannot be seriously urged that a ver-

dict for one dollar would, in any such case, amount to an award of more than the pecuniary loss which the law presumes.

The court of its own motion gave to the jury the following instruction:

"You are instructed by the court that if you believe from the evidence that the elevator man retained control of the lever all the time while in the car, at the time of the accident, and that he himself failed to exercise ordinary care in the physical control of the lever or in the control of the appliance operated by the knob, or in the control or operation of both knob and lever, and that by such carelessness Kahn was caught and injured so he died, and further find Kahn at the time of and prior to the accident was in the exercise of ordinary care, then in such state of the proof, you should find in favor of the plaintiff, Devine."

As to this instruction, it is insisted that it improperly singles out the individual act of Fesenmeyer to the exclusion of all his other conduct; that it eliminates the question of fellow servant; that it ignores the issue under the third count of the declaration; and that it assumes that the failure of Fesenmeyer to retain physical control of the lever and apparatus constituted negligence.

Under the first and second counts of the declaration, whether or not Fesenmeyer was negligent in his conduct and operation of the elevator was one of the main subjects of inquiry. There is abundant evidence in the record tending to show that it was the duty of Fesenmeyer, repeatedly enjoined upon him, to have his hand on the lever at all times, and not to use the lever for the purpose of moving the car until the door was closed. If Fesenmeyer failed to use ordinary care in controlling the lever or in controlling the appliance which opened and closed the door, then he was guilty of the negligence alleged in the first and second counts of the declaration. The instruction ig-

nores the question of fellow servants, but of this appellant cannot complain, because the twelfth and twenty-first instructions given at its instance ignore the same question and impliedly concede its liability for the negligence of Fesenmeyer. As a matter of fact, the question of fellow servants is not alluded to in any instruction tendered or given in the case. The instruction had no relation to the issue involved under the third count of the declaration, and there was no occasion for any reference to such issue.

The last criticism of the instruction is more artificial than real. The phrase "by such carelessness," manifestly relates to the failure of Fesenmeyer to exercise ordinary care in the respects indicated in the preceding portion of the instruction, and the failure of Fesenmeyer in that regard is not assumed, but is submitted to the jury as a question of fact. The instruction is not a model, and had better have been withheld, but it is not so misleading and prejudicial as to require a reversal of the judgment.

We have fully considered the objections urged to other instructions given by the court upon its own motion and at the instance of appellee, but do not deem them of sufficient significance to merit further discussion.

It is insisted that the eighteenth instruction tendered by appellant was improperly modified by striking out the following: "Nor is the happening of the injury to the deceased any evidence whatever that the defendant is liable for his injuries, or that the plaintiff is entitled to your verdict." This statement is too sweeping. The rule was properly and sufficiently announced in the same instruction as given, as follows: "The court instructs the jury that the mere fact that the deceased was injured while in the employ of the defendant, does not entitle plaintiff to a verdict at your hands." The twenty-second and twenty-third instructions tendered by appellant and refused by the

·court were properly refused because they ignored the liability of appellant for an injury resulting from the concurrent negligence of Fesenmeyer and the wrongful act of a third person. They also ignored the third ·count of the declaration.

It is urged that the court improperly permitted the witness, Moses Kahn, to give hearsay testimony. The record shows the contrary and that such testimony was stricken out. A statement by the same witness that the deceased was industrious was properly permitted to stand.

During the trial a purported model of the elevator and of the device for opening and closing the door was placed in view of the jury. While the model was not permitted to be operated, it was used generally by counsel for both parties and by the witnesses for the purpose of illustration, without objection. It is needless to say that the objection for the first time in this court to such use of the model comes too late.

Over the objection of appellant a witness for appellee was permitted to state that the speed at which the elevator was ordinarily capable of being operated was 400 feet a minute. It was competent for appellee to show every known fact in relation to the operation of the elevator, as bearing upon the care required to operate it and the duty of appellant to ascertain whether or not Fesenmeyer was sufficiently capable and experienced to properly operate it.

The opinion of the witness, Ross, city elevator inspector, to the effect that a man ought to have two or three months' experience in operating an elevator, such as the one in question, to be a thorough elevator man, was incompetent, but the record discloses that the objection interposed to the question which elicited the opinion of the witness, was directed solely to the qualification of the witness, and not to the competency of his opinion as evidence. Other objections urged to the rulings upon the evidence are inconsequential.

At the time of his death, the deceased was 32 years. of age. He was unmarried and resided with his parent, to whom he paid from $4 to $4.50 a week for his board. He was earning $13.50 a week, and gave his mother $10 a month in addition to the amount paid by him for board. The damages assessed at $3,000 are not excessive.

There is no prejudicial error in the record and the judgment is affirmed.

*Judgment affirmed.*