(No. 30155.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD SKAGGS, Plaintiff in Error.

*Opinion filed November 20, 1947—Rehearing denied Jan. 14, 1948.*

HAROLD SKAGGS, *pro se.*

GEORGE F. BARRETT, Attorney General, and JOHN W. CURREN, State's Attorney, (H. KEITH DRESSENDORFER, of counsel,) all of Springfield, for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

On January 29, 1945, two indictments were returned in the circuit court of Sangamon County, charging plaintiff in error, Harold Skaggs, and his codefendant, Paul Armstrong, with the crime of burglary. The indictments were given separate docket numbers. In No. 88517 the defendants were charged with breaking into a building used and occupied by the Springfield Frisina Theater Corporation. In No. 88519 they were charged with burglarizing a building used and occupied by Reginald Mari as a jewelry store. Skaggs was convicted in each case and sentenced to the penitentiary. He sues a writ of error out of this court to review the judgments in both cases. The cause is submitted on the common-law record.

Plaintiff in error contends he was forced to trial on both indictments at the same time and before the same jury. The record presented shows that verdicts of guilty were returned in each case the same day, and the names of the jurors attached to each verdict are the same. The two verdicts bear the number 88517, but it is obvious that one was intended as the verdict in No. 88519. The court

accepted them as verdicts in each case and entered separate judgments sentencing plaintiff in error to the penitentiary for a term of not less than eight nor more than twenty years in each case. The periods of imprisonment were to run concurrently.

Except from the presumption that might arise out of the similarity of dates and signatures to the verdicts, there is nothing in the record to show that plaintiff in error was tried on both indictments at the same time. But if it be conceded that the two causes were called for trial at the same time, plaintiff in error has not presented a record which preserves his question for review. He had a right to separate trials for separate and distinct offenses, but it is a right he could waive, and, since there is nothing in the record which shows that he objected to the consolidation of the two indictments for trial, it will be assumed that he waived the right to separate trials and acquiesced in the two indictments being tried together. The judgments are affirmed.

*Judgments affirmed.*