Lucy Alice McCormick, Individually, and as Surviving Widow and as Administrator of the Estate of Lewis Harold McCormick, Deceased, Plaintiffs-Appellees, v. Lorence J. Kopmann, Anna H. Huls, John A. Huls, and Mary Huls, Defendants, Lorence J. Kopmann, Defendant-Appellant.

Gen. No. 10,235.

Third District.

October 22, 1959.

Released for publication November 9, 1959.

190

Barth, Phillips, Phebus, and Tummelson, of Urbana, for appellant.

John Alan Appleman, and Webber, Balbach, and Thies, all of Urbana, for appellees.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

On the evening of November 21, 1956, Lewis McCormick was killed on Main Street in Gifford, Illinois, when a truck being operated by defendant Lorence

Kopmann collided with the automobile which McCormick was driving.

This action was brought by McCormick's widow in the Circuit Court of Champaign County against Kopmann and Anna, John and Mary Huls. The complaint contains four counts; the issues raised on this appeal concern only the first and fourth counts.

Count I is brought by plaintiff as Administratrix of McCormick's Estate, against Kopman, under the Illinois Wrongful Death Act. Plaintiff sues for the benefit of herself and her eight children, to recover for the pecuniary injury suffered by them as a result of McCormick's death. It is charged that Kopmann negligently drove his truck across the center line of Main Street and collided with McCormick's automobile. In paragraph 3 of Count I, plaintiff alleges:

"That at the time of the occurrence herein described, and for a reasonable period of time preceding it, the said decedent was in the exercise of ordinary care for his own safety and that of his property."

Count IV is brought by plaintiff as Administratrix of McCormick's Estate, against the Huls, under the Illinois Dram Shop Act. Plaintiff avers that Count IV is brought "in the alternative to Count I." She sues for the benefit of herself and her four minor children, to recover for the injury to their means of support suffered as a result of McCormick's death. It is alleged that Anna Huls operated a dramshop in Penfield, Illinois; that John and Mary Huls operated a dramshop in Gifford; that on November 21, 1956, the Huls sold alcoholic beverages to McCormick which he consumed and which rendered him intoxicated; and that "as a result of such intoxication" McCormick drove his automobile "in such a manner as to cause a collision with a truck" being driven by Kopmann on Main Street in Gifford.

194

Kopmann, defendant under Count I, moved to dismiss the complaint on the theory that the allegations of that Count I and Count IV were fatally repugnant and could not stand together, because McCormick could not be free from contributory negligence as alleged in Count I, if his intoxication caused the accident as alleged in Count IV. Kopmann also urged that the allegation in Count IV that McCormick's intoxication was the proximate cause of his death, is a binding judicial admission which precludes an action under the Wrongful Death Act. Kopmann's motion was denied. He raised the same defenses in his answer.

The Huls, defendants under Count IV, answered. They did not file a motion directed against Count IV.

Neither defendant sought a severance (see Civil Practice Act, Sections 44(2) and 51) [Ill Rev Stats 1957, c 110 §§ 44(2), 51] and both counts came on for trial at the same time.

Plaintiff introduced proof that at the time of the collision, McCormick was proceeding North in the northbound traffic lane, and that Kopmann's truck, travelling South, crossed the center line and struck McCormick's car. Plaintiff also introduced testimony that prior to the accident McCormick drank a bottle of beer in Anna Huls' tavern in Penfield and one or two bottles of beer in John and Mary Huls' tavern in Gifford. Plaintiff's witness Roy Lowe, who was with McCormick during the afternoon and evening of November 21, and who was seated in the front seat of McCormick's car when the collision occurred, testified on cross examination that in his opinion McCormick was sober at the time of the accident.

At the close of plaintiff's evidence, all defendants moved for directed verdicts. The motions were denied.

Kopmann, the defendant under the Wrongful Death count, introduced testimony that at the time of the collision, his truck was in the proper lane; that Mc-

195

Cormick's automobile was backed across the center line of Main Street, thus encroaching on the southbound lane, and blocking it; that the parking lights on McCormick's automobile were turned on, but not the headlights; that Kopmann tried to swerve to avoid hitting McCormick's car; and that there was an odor of alcohol on McCormick's breath immediately after the accident. Over plaintiff's objection, the trial court permitted Kopmann's counsel to read to the jury the allegations of Count IV relating to McCormick's intoxication, as an admission.

The Huls, defendants under the Dram Shop count, introduced opinion testimony of a number of witnesses that McCormick was not intoxicated at the time of the accident. Anna Huls testified that McCormick drank one bottle of beer in her tavern. Several witnesses testified that McCormick had no alcoholic beverages in John and Mary Huls' tavern.

All defendants moved for directed verdicts at the close of all the proof. The motions were denied. The jury was instructed that Count IV was an alternative to Count I; that Illinois law permits a party who is uncertain as to which state of facts is true to plead in the alternative, and that it is for the jury to determine the facts. At Kopmann's request, the court instructed the jury on the law of contributory negligence, and further:

". . . if you find from all of the evidence in the case that (McCormick) was operating his automobile while intoxicated and that such intoxication, if any, contributed proximately to cause the collision in question, then in that case . . . you should find the defendant, Lorence Kopmann, not guilty."

The jury returned a verdict against Kopmann for $15,500 under Count I. The jury found the Huls not guilty under Count IV. Kopmann's motions for judg-

196

ment notwithstanding the verdict, and in the alternative for a new trial, were denied.

■■ Kopmann has appealed. His first contention is that the trial court erred in denying his pre-trial motion to dismiss the complaint. Kopmann is correct in asserting that the complaint contains inconsistent allegations. The allegation of Count I that McCormick was free from contributory negligence, cannot be reconciled with the allegation of Count IV that McCormick's intoxication was the proximate cause of his death. Freedom from contributory negligence is a prerequisite to recovery under the Wrongful Death Act. Russell v. Richardson, 308 Ill. App. 11, at page 27. If the jury had found that McCormick was intoxicated and that his intoxication caused the accident, it could not at the same time have found that McCormick was not contributorily negligent. The Illinois Supreme Court has held that "voluntary intoxication will not excuse a person from exercising such care as may reasonably be expected from one who is sober." Keeshan v. Elgin, A. & S. Traction Co., 229 Ill. 533, 537.

■ In addition to this factual inconsistency, it has been held that compensation awarded under the Wrongful Death Act includes reparation for the loss of support compensable under the Dram Shop Act. McClure v. Lence, 349 Ill. App. 341, 344; see also Howlett v. Doglio, 402 Ill. 311, 317–319.

■ Counts I and IV, therefore, are mutually exclusive; plaintiff may not recover upon both counts. It does not follow, however, that these counts may not be pleaded together. Section 24(1) of the Illinois Civil Practice Act (Ill. Rev. Stat. Ch. 110, Sec. 24) authorizes joinder of defendants against whom a liability is asserted in the alternative arising out of the same transaction. Section 24(3) of the Act provides:

"If the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more

197

defendants, and state his claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Section 34 of the Act states in part that "Relief, whether based on one or more counts, may be asked in the alternative."

Section 43(2) of the Act provides:

"When a party is in doubt as to which of two or more statements of fact is true, he may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts or defenses, whether legal or equitable. A bad alternative does not affect a good one."

█ Thus, the Civil Practice Act expressly permits a plaintiff to plead inconsistent counts in the alternative, where he is genuinely in doubt as to what the facts are and what the evidence will show. The legal sufficiency of each count presents a separate question. It is not ground for dismissal that allegations in one count contradict those in an alternative count. These principles have been applied recently in cases similar to that at bar. In Amer. Transp. Co. v. U. S. Sanitary Specialties Corp., 2 Ill.App.2d 144 (1st Dist. 1954), a lessee joined a count for breach of contract against his sublessee, with an alternative count against his lessor and the lessor's contractors for trespass and negligence which caused the lessee to lose revenues under the sublease. Mr. Justice Robson said (pp. 156–157):

". . . Plaintiffs' right to relief exists in the alternative, first against the City and Election Commissioners under Count I. If the acts of Economy and Good-

198

win, as alleged in Count III, caused the loss of revenue to the plaintiffs under their agreement with the City and Election Commissioners, and not the breach of contract as alleged in Count I, then the court or jury may consider whether defendants Economy and Goodwin are liable for damages in Count III. We are of the opinion that the plaintiffs properly pleaded in the alternative, as provided in section 24, subparagraphs (1), (2), and (3), of the Illinois Practice Act, against Economy and Goodwin in Count III, so that the question of liability, if any, may be determined between the respective defendants, who are parties to Counts I and III."

A recent decision concerning alternative pleading is Urnest v. Sabre Metal Products, Inc. and Edward Yucis, 22 Ill.App.2d 172, 159 N.E.2d 512. In Count I, brought against the defendant corporation, plaintiff alleged that the corporation's agent Yucis contracted to employ plaintiff as general manager of the corporation; that Yucis was authorized to enter into this agreement; that the corporation ratified the contract, and that the corporation breached the contract. Plaintiff sought damages for breach of contract. In Count II, brought against Yucis, plaintiff averred that Yucis fraudulently represented that he was authorized to contract on the corporation's behalf and that the corporation had ratified his acts, whereas Yucis had no such authority and no ratification had taken place. Plaintiff sought damages for fraud and deceit. The motions of both defendants to strike the complaint were allowed, whereupon plaintiff appealed. The court held that the inconsistency between the counts was not ground for dismissal:

". . . The allegations in count two are inconsistent with and contradictory of the allegations of count one; however, such pleading is permitted under section

43(2) of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 43(2)). Freeman & Co. v. Regan Co., 332 Ill. App. 637. The theory is that on the trial the proof will determine on which set of facts, if any, the plaintiff is entitled to recover. Where the pleading is in the alternative in different counts, each count stands alone and the inconsistent statements contained in a count cannot be used to contradict statements in another count. The intent of the cited section of the Practice Act is that counts can be pleaded in the alternative regardless of consistency."

Even before the enactment of the Civil Practice Act in 1933, inconsistent averments could be set forth in different counts. Keeshan v. Elgin, A. & S. Traction Co., 132 Ill. App. 416, affd. 229 Ill. 533, involved a problem similar to that raised by Kopmann in the case at bar. Plaintiff averred that his decedent was wrongfully ejected from defendant's train; that the decedent was intoxicated when ejected; that defendant was aware of his condition, and that the decedent fell from a nearby bridge and was killed. While affirming dismissal of the complaint because the allegations of due care and intoxication in the same count "neutralize each other," the court recognized that it "is permissible to join repugnant counts in the same declaration." (132 Ill. App. 420).

The 1955 revision of Section 43(2) of the Civil Practice Act was designed to make it clear that inconsistent facts or theories could be pleaded alternatively, whether in the same or different counts. In their note respecting the revised section, the drafters of the 1955 Act, having explained why clarifying language was needed, concluded: "Under the revision the inconsistency may exist either in the statement of the facts, or in the legal theories adopted." (S. H. A. ch. 110, sec. 43, p. 514). This provision was modelled after Rule 8(e)(2) of the Federal Rules of Civil

Procedure. Federal courts have held that where the plaintiff in personal injury cases is uncertain as to who is liable, he may assert his claims against the several defendants alternatively. Norris v. Moon, 9 F. R. D. 214 (N. D. Ohio, 1949); Fowler v. Baker, 32 F. Supp. 783 (M. D. Pa., 1940).

■ Sound policy weighs in favor of alternative pleading, so that controversies may be settled and complete justice accomplished in a single action. Illinois Civil Practice Act, Section 4; City of Nokomis v. Sullivan, 14 Ill.2d 417, 420; Fleshner v. Copeland, 13 Ill.2d 72, 76–77. If the right is abused, as where the pleader has knowledge of the true facts (viz, he knows that the facts belie the alternative) pleading in the alternative is not justified. Thus in Church v. Adler, 350 Ill. App. 471 at page 483, we said:

". . . alternative pleading is not permitted when in the nature of things the pleader must know which of the inconsistent averments is true and which is false. Plaintiff must know whether she will be sick, sore, lame and disordered for the rest of her life or whether on the contrary she has regained her health, as alleged in Count II. She must make up her mind which is the fact, and strike the inconsistent allegation from her pleading on remand."

There is nothing in the record before us to indicate that plaintiff knew in advance of the trial, that the averments of Count I, and not Count IV, were true. In fact, at the trial, Kopmann attempted to establish the truth of the allegations of Count IV that McCormick was intoxicated at the time of the collision and that his intoxication caused his death. He can hardly be heard now to say that before the trial, plaintiff should have known that these were not the facts. Where, as in the Church case, the injured party is still living and able to recollect the events surrounding

the accident, pleading in the alternative may not be justified, but where, as in the case at bar, the key witness is deceased, pleading alternative sets of facts is often the only feasible way to proceed. Compare Wattman v. St. Luke's Hospital Ass'n., 314 Ill. App. 244, 255–256, in which the court approved joinder of counts alleging alternative causes for the decedent's death.

We hold that, in the absence of a severance, plaintiff had the right to go to trial on both Counts I and IV, and to adduce all the proof she had under both Count I and Count IV.

Kopmann's next argument is that the allegations of Count IV regarding McCormick's intoxication constitute binding judicial admissions. He contends that plaintiff's action against him should have been dismissed on the basis of the allegations in Count IV regarding McCormick's intoxication.

In 20 American Jurisprudence, Evidence, Sec 635, the author states (p. 538):

"The rule in the majority of jurisdictions is that the admissions made by a pleader in one count or plea are not admissible against him on an issue raised by his denials or averments made in another count or plea. In other words, where inconsistent counts or defenses are pleaded, the admissions in one of them cannot be used to destroy the effect of the other."

The author goes on to point out that in some few jurisdictions, statements in one count "are held admissible against the pleader on the issue raised by another." No Illinois case has been called to our attention to support this rule. The court below permitted Kopmann to read the allegations of Count IV as admissions.

We know of no case which supports the position Kopmann takes in this court, viz., that the admission is conclusively binding and is a ground for judgment notwithstanding the verdict. If this were the law, the

202

provisions of the Civil Practice Act sanctioning pleading in the alternative, "regardless of consistency," would be a legal snare.

We deem it appropriate to express our grave doubts as to the use as evidence, of alternative allegations as admissions against the pleader. Commenting on the same problem under Federal Rules, Judge Goodrich has said:

". . . The rules encourage parties to plead not only what they know is factually true, but also any fact if they believe 'there is good ground to support it.' See Fed. R. Civ. P. 11. This soundly based policy—see Clark, Code Pleading, Sections 41, 42, 99 (2d ed. 1947)—would tend to be defeated if allegations in the pleadings are admissible as evidence. Parties will hesitate to make notice-giving allegations at the risk of their being used as evidence, especially considering Fed. R. Civ. P. 15 liberalizing amendments." Giannone v. U. S. Steel Corp., 238 F.2d 544, 548.

██ Alternative fact allegations made in good faith and based on genuine doubt are not admissions against interest so as to be admissible in evidence against the pleader. The pleader states the facts in the alternative because he is uncertain as to the true facts. Therefore, he is not "admitting" anything other than his uncertainty. An essential objective of alternative pleading is to relieve the pleader of the necessity and therefore the risk of making a binding choice, which is no more than to say that he is relieved of making an admission.

Kopmann next contends that the trial judge erred in denying his motion for directed verdict at the close of plaintiff's proof. Kopmann's theory is that if, as the trial judge ruled, plaintiff made out a *prima facie* case under Count IV, she necessarily negatived Kopmann's liability under Count I by proving McCormick was guilty of contributory negligence. He also urges that

plaintiff is entitled to have but one of the two counts submitted to the jury, and that the trial judge should have required plaintiff to elect between Counts I and IV at the close of the evidence, and before the case was submitted to the jury.

There are several reasons why we believe Kopmann's position is unsound. First, we are of the opinion that plaintiff's evidence did not contradict the position she took in Count I, viz., that McCormick exercised due care for his own safety. Plaintiff proved only that McCormick drank two or three bottles of beer prior to the accident. Yet Lowe, who was with McCormick during the entire time from late afternoon until his death, testified during plaintiff's case in chief that McCormick was sober at the time of the accident. In a similar case, South Chicago City Ry. Co. v. Dufresne, 200 Ill. 456, at pages 464–465, the Supreme Court said:

". . . It appears to us, however, that the evidence would not justify the jury in finding that the plaintiff was intoxicated. It was proved that he drank two glasses of beer and that his breath smelled of it, but there were quite a number of witnesses who were with him, waiting for the car, and who had opportunities to know his condition, who testified that he was not intoxicated or under the influence of liquor at all. In view of all the evidence we do not think the instruction was harmful to the defendant."

■ Moreover, even if plaintiff made out a *prima facie* case of McCormick's intoxication for purposes of the Dram Shop Act, she made no showing of a causal connection between the intoxication and the accident. This is a necessary element of plaintiff's case under Count IV. Ch. 43, Sec. 135, Ill. Rev. Stat. (1957); Danhof v. Osborne, 11 Ill.2d 77, 81. All of the witnesses for plaintiff who testified on the question agreed that

204

at the time of the collision McCormick's car was facing North in the northbound traffic lane, and that Kopmann's truck swerved over the center line and struck McCormick's car. Hence, whether or not McCormick was intoxicated at the time of the collision is immaterial, because there was a complete absence of proof that the fatal collision happened "in consequence of (McCormick's) intoxication" as required by the Dram Shop Act.

The trial judge should have directed a verdict for the Huls, as to Count IV because there was no evidence of causal connection between the intoxication, if any, and death, but the error is moot on this appeal by Kopmann, the defendant under Count I, since there was a verdict of not guilty as to Count IV.

Our second reason for rejecting Kopmann's contention is more basic. Plaintiff pleaded alternative counts because she was uncertain as to what the true facts were. Even assuming she introduced proof to support all essential allegations of both Count I and Count IV, she was entitled to have all the evidence submitted to the trier of fact, and to have the jury decide where the truth lay. She was not foreclosed *ipso facto* from going to the jury under Count I, merely because she submitted proof, under Count IV, tending to prove that McCormick's intoxication proximately caused his death. If this were the rule, one who in good faith tried his case on alternative theories, pursuant to the authorization, if not the encouragement of Section 43, would run the risk of having his entire case dismissed. The provisions of the Civil Practice Act authorizing alternative pleading, necessarily contemplate that the pleader adduce proof in support of both sets of allegations or legal theories, leaving to the jury the determination of the facts.

Furthermore, in testing the sufficiency of the proof as against a motion for directed verdict, the

sufficiency of the proof to support each count is to be judged separately as to each count, just as the legal sufficiency of each count is separately judged at the pleading stage. As to each count, the court will look only to the proof and inferences therefrom favorable to the plaintiff; the court cannot weigh conflicting evidence. Proof unfavorable to the plaintiff, even though the plaintiff herself introduced that proof, cannot be considered. The determination to be made is whether there is any evidence (all unfavorable evidence excluded) upon which the jury could base a verdict for the plaintiff under the count in question, and if there is, the motion as to that count must be denied and the issues submitted to the jury. Lindroth v. Walgreen Co., 407 Ill. 121, 130; Kiriluk v. Cohn, 16 Ill.App.2d 385, 388–389. Judged by these well-settled tests, it is clear that plaintiff's proof under Count I was sufficient to require the case to be submitted to the jury.

What we have said is not to say that a plaintiff assumes no risks in adducing proof to support inconsistent counts. The proof in support of one inconsistent count necessarily tends to negate the proof under the other count and to have its effect upon the jury. While the fact alone of inconsistent evidence will not bar submission of the case to the jury, it may very well affect the matter of the weight of the evidence and warrant the granting of a new trial, even though, as we have held, it does not warrant *ipso facto* a directed verdict or judgment notwithstanding the verdict.

Kopmann argues that plaintiff should have been required to elect between her alternative counts before going to the jury. The doctrine known as "election of remedies" has no application to the case at bar. Here, either of two defendants may be liable to plaintiff, depending upon what the jury finds the facts to be. It has been aptly said that "truth cannot be stated

206

until known, and, for purposes of judicial administration, cannot be known until the trier of facts decides the fact issues." McCaskill, Illinois Civil Practice Act Annotated (1933), p. 103. Plaintiff need not choose between the alternative counts. Such a requirement would, to a large extent, nullify the salutary purposes of alternative pleading. Since she could bring actions against the defendants seriatim, or at the same time in separate suits, she is entitled to join them in a single action, introduce all her proof, and submit the entire case to the jury under appropriate instructions. See Swift & Co. v. Dollahan, 2 Ill.App.2d 574, 595; McCullough v. Schuberth, 334 Ill. App. 333, 336; see also Freeman v. Regan, 332 Ill. App. 637, 651.

■ Kopmann contends he was prejudiced because Counts I and IV were submitted together to the jury, in that the jury was confused by plaintiff's inconsistent positions as to liability. We believe this argument is no longer open to Kopmann, since he failed to seek a separate trial pursuant to Section 51 of the Illinois Civil Practice Act. Russell v. Chicago Trust & Savings Bank, 139 Ill. 538, 547; cf. People v. Skaggs, 398 Ill. 478, 480. We also note that Kopmann's counsel repeatedly sought to establish McCormick's intoxication, indicating that this issue would have been injected into the case whether or not Count IV was presented concurrently with Count I. And, in any event, the jury was carefully instructed as to the law and the position of each party. The verdict itself shows that the instructions were understood and followed.

■ Kopmann argues that the practical effect of the trial court's instructions was to direct the jury to determine whether he or the Huls were liable to plaintiff, depending upon whether or not McCormick was intoxicated. The instructions given, belie this contention. At Kopmann's request, the jury was repeatedly admonished that Kopmann was not liable to

207

plaintiff if the jury found McCormick was guilty of contributory negligence, as well as if the jury found McCormick was intoxicated and his intoxication contributed proximately to cause the accident. No error was committed in this regard.

In addition to the questions regarding alternative pleading and proof, Kopmann urges that three errors occurred during the course of the trial which require reversal.

He argues that prejudicial error occurred when, in his opening statement, counsel for plaintiff stated that the proof would show that Kopmann pleaded guilty to driving too fast for conditions. No proof was introduced to support this assertion. After final arguments, Kopmann's counsel moved for a mistrial on the ground that the unsupported statement concerning the plea of guilty was prejudicial to Kopmann. During a colloquy between counsel in chambers, plaintiff's counsel stated that a police officer had misinformed him about Kopmann's plea, and that he had expected to prove his statement at the time he made it. The trial judge denied Kopmann's motion for mistrial.

The evidence strongly indicates that Kopmann was driving too fast for conditions. This proof nullifies any prejudicial effect the statement may have had. See Thompson v. Weible, 19 Ill.App.2d 422, 426. Moreover, the court instructed the jury that statements of counsel not supported by testimony should not be considered. This instruction further diluted any adverse effect made by the statement. Trust Co. of Chicago v. Richardson, 290 Ill. App. 464, 473–474. Since the judgment is supported by ample proof, we will not require a new trial because of plaintiff's counsel's unintentional misstatement. See Johnson v. Chicago & N. W. Ry. Co., 9 Ill.App.2d 340, 358.

The second alleged error concerns the cross examination of the plaintiff, McCormick's widow. On di-

208

rect examination she testified that McCormick held a daytime job at Chanute Field, and that in the evening and on weekends he worked on an 80-acre farm where he and his family lived. Certain farm records, and copies of McCormick's federal income tax returns, were introduced into evidence. On cross examination, Kopmann's attorney tried to bring out that two or three nights a week, McCormick was in the habit of stopping at taverns on his way home from work, and that about twice a month McCormick came home intoxicated at about 10:00 p. m. Plaintiff's objection to this examination was sustained, but Kopmann's attorney was permitted to question plaintiff about this subject in the form of an offer of proof. Following the offer of proof, the trial judge ruled that Kopmann would not be permitted to question plaintiff about McCormick's visits to taverns or his intoxication. Kopmann's attorney then resumed cross examination in the presence of the jury. When he inquired about when McCormick usually arrived home from work, plaintiff testified—contrary to her testimony during the offer of proof—that McCormick came home at about 5:00 p. m. every evening. Kopmann's attorney made no attempt to impeach plaintiff, but instead, discontinued his cross examination.

▮▮ Kopmann contends that proof of McCormick's drinking habits was relevant on the question of damages, to show that McCormick's evening work on the farm was less extensive than plaintiff indicated on direct examination. In Wilcox v. Bierd, 330 Ill. 571, 580–581, the Supreme Court stated that, in Wrongful Death Actions, the decedent's habits of industry and sobriety are pertinent to the pecuniary loss sustained because of his death. See also Devine v. Boston Store of Chicago, 167 Ill. App. 443, 452, and Callaway v. Spurgeon, 63 Ill. App. 571, 574. The trial judge ruled in effect that Kopmann could establish that McCor-

209

mick came home late several nights a week, but he could not bring out why McCormick was late. Kopmann was free to establish that McCormick often came home late at night. He did not tender proof that McCormick was not a sober or industrious person. Nor, does he contend that the verdict is excessive. On the contrary, plaintiff, by cross appeal, asks that we hold the verdict to be inadequate. In light of this record, we think it is Kopmann's fault that the testimony on this subject is not clear. The error, if any, was not so prejudicial as to warrant reversal. See Court of Honor v. Dinger, 221 Ill. 176, 180.

Kopmann's final contention concerns a remark allegedly made by plaintiff's counsel during final argument. The arguments were not transcribed or included in the record on appeal. Following the arguments, Kopmann's counsel stated, presumably outside the jury's presence, that, in discussing damages, plaintiff's attorney had told the jury of a man who had recently insured a race horse for 1½ million dollars. Plaintiff's attorney, in his brief, denies making the statement.

Since the closing argument is not in the record, we are unable to judge the prejudicial effect of any remarks of counsel, or whether proper objection was interposed at the trial. Hence Kopmann has not preserved the matter for review. County of Cook v. Colonial Oil Corp., 15 Ill.2d 67, 75; Department of Public Works and Buildings v. Anastoplo, 14 Ill.2d 216, 222–223. Moreover, the remark complained of was innocuous, and did not bring the subject of insurance into the case.

The trial judge properly denied Kopmann's motion for a new trial.

Plaintiff has perfected a cross appeal, contending that the verdict is inadequate as a matter of

210

law. We believe the jury could reasonably fix plaintiff's damages under Count I at $15,500. The Supreme Court has but recently reminded us that courts of review must examine verdicts in cases such as this "with humble deference to the discretion of the jury in making its determination and to the ruling of the trial judge on the post-trial motions." Lau v. West Town Bus Co., 16 Ill.2d 442, 453.

We conclude that the verdict and judgment below are correct and the judgment is affirmed.  ·

Judgment affirmed.

CARROLL, J., concurs.

ROETH, J., specially concurring:
I concur in the result reached in this opinion but do not agree with all of the language used therein.