The Chicago and Eastern Illinois Railroad Company

*v.*

Jeremiah O'Connor.

*Filed at Ottawa November 13, 1886—Rehearing denied March Term, 1887.*

1. Action—*whether right of action survives.* Where the plaintiff, pending an action brought by him to recover for a personal injury resulting from negligence, dies from some other cause than such injury, the action will survive, and may be prosecuted in the name of his administrator.

2. Practice—*how to avail of defect in the declaration.* There is no authority for the practice of striking out portions of a declaration as not being sufficient. If the pleading is defective, a demurrer is the proper way to take advantage of the defect. In some cases its sufficiency may be tested on motion to exclude evidence, or by instruction to the jury.

3. Same—*filing additional pleas.* After a cause was at issue, the plaintiff died, and his administrator was substituted as plaintiff. The court allowed to be stricked out a certain part of the declaration, not changing the same materially, whereupon the defendant asked leave to plead *de novo*, and to file the plea of the Statute of Limitations, which was denied. It did not appear that such plea could have applied to any evidence that could have been pro-

## Syllabus.

duced: *Held*, that there was no error in refusing leave to file the additional plea at that stage of the case.

4. EVIDENCE—*testimony of deceased witness.* Where a plaintiff dies after a trial had, in a case when the cause of action survives, and his administrator is made plaintiff, and the cause is again tried upon the same issues, it is competent for the administrator to prove, on the last trial, what the plaintiff testified to on the first.

5. APPEAL—*reviewing facts.* If there is evidence tending to show a right of recovery for a personal injury from negligence, its weight or sufficiency to sustain the finding and judgment below, and the reasonableness of the amount of the damages, are questions that belong only to the Appellate Court.

6. NEGLIGENCE—*comparative negligence—of stating the rule in instructions.* Under the present ruling of this court it is not necessary that the doctrine of comparative negligence shall be stated in the plaintiff's instructions. It is sufficient if the jury are correctly instructed in other respects in regard to the doctrine of negligence. But if an attempt is made to state the doctrine of comparative negligence, it should be stated correctly.

7. If it appears that the plaintiff, in an action to recover for a personal injury, has observed due care, and that he was injured by the negligence of the defendant, this will authorize a recovery. If the defendant desires an instruction upon the comparative negligence of the parties, he should ask it.

8. SAME—*mistake or error in judgment, as affecting the fact of negligence.* A mistake, that is, an error in judgment or opinion, does not necessarily imply a failure in duty on the part of the person mistaken, or negligence on his part. Hence it is error, in an instruction, to tell the jury, if the plaintiff's injury was solely the result of his mistake as to a given fact, he can not recover.

9. So where a servant of a railway company was run over by a train, and injured, there being two tracks at the place of the accident, and there was evidence of a failure to ring a bell or sound a whistle on the approaching train, on the trial of an action against the company to recover for the injury, the defendant asked the court to instruct the jury, that if they found that the deceased was injured solely by his making a mistake as to which track the train was coming on, then plaintiff could not recover: *Held*, that the instruction was properly refused, as the mistake of the deceased may have been caused by the neglect to give the proper signals of the approach of the train.

10. SAME—*when negligence is a question of fact and when of law.* It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence, as a matter of law. If the conclusion of negligence, under the fact stated, may or may not result, or shall depend on other circumstances, the question is one of fact for the jury.

11. SAME—*fellow-servants—whether the doctrine applies.* In an action against a railroad company to recover for personal injuries received by the

| | |
|---|---|
| 119 | 586 |
| 77a | 59 |
| 78a | 480 |
| 119 | 586 |
| 184 | 304 |
| 119 | 586 |
| 187 | 10474 |
| 90a | 7493 |
| 119 | 586 |
| 92a | 1354 |
| 119 | 586 |
| 192 | 11 29 |
| 119 | 586 |
| 101a11 | 50 |
| 119 | 586 |
| 199 | 9 18 |
| 199 | 10 18 |
| 102a | 5208 |
| 119 | 586 |
| 104a | 1113 |
| 105a | 3354 |
| 119 | 586 |
| 203 | 11314 |
| 108a | 4474 |

plaintiff from the alleged negligence of the defendant company in the running and management of one of its trains of cars, it appeared that the plaintiff was, at the time of the injury, in the employ of another company, and acting under the direction of a foreman who was also in the employ of such other company. The defendant company contended that if the accident was the result of the negligence of such foreman in failing to warn the plaintiff of his danger, then the rule of exemption as for an injury occasioned by the negligence of a fellow-servant would apply. It was not pretended, however, that such foreman had anything to do with the running and management of the defendant's trains, hence the rule invoked had no pertinency to the case.

12. INSTRUCTION—*as to conclusions of fact.* There is no error in refusing an instruction which seeks to put the court in the place of the jury, and require it to draw the conclusions of fact for the jury, instead of leaving them to be drawn by the jury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

This was an action on the case, by Jeremiah O'Connor, against the Chicago and Eastern Illinois Railroad Company, brought to the March term, A. D. 1882, of the Superior Court of Cook county. The declaration contains two counts, which are as follows:

*First count*—For that, whereas, the defendant, to-wit, on the 14th day of July, A. D. 1881, in Cook county, Illinois, was possessed of and using and operating a certain railroad extending through a part of the county aforesaid, and was also then and there possessed of a certain locomotive engine, with a certain train of cars then attached thereto, which said locomotive engine and train were then and there under the care and management of divers then servants of the defendant, who were then and there driving the same upon and along the said railroad, to-wit, at or near Thirty-ninth street, in the city of Chicago, in the county aforesaid; and while the plaintiff, with all due care and diligence, was then and there rightfully standing upon the track of said railroad, using all due care and diligence in that regard, the defendant then and there, by its said servants, so negligently, carelessly and

improperly drove and managed the said locomotive engine and train, that by and through the negligence and improper conduct of the defendant, by its said servants in that behalf, the said locomotive engine and train then and there struck, with great force and violence, against said plaintiff, and the said plaintiff was thrown to the ground and run over by the said locomotive engine and train of the defendant so negligently driven and managed as aforesaid, by means whereof, then and there, one of the legs of the plaintiff was cut off by said locomotive engine and train, and he was otherwise greatly bruised, hurt and wounded, and permanently crippled and disabled, and so remained for a long time, to-wit, thence hitherto, during all which time the plaintiff suffered great pain, and was hindered and prevented from transacting and attending to his business and affairs, and lost gains, etc., which otherwise he would have made, and has expended money, to-wit, $500, in trying to be cured, etc.

*Second count*—And also that defendant, on said date, used and operated a certain railroad in Cook county, extending across two certain public highways there, to-wit, Thirty-ninth street and Thirty-seventh street, in the city of Chicago, in said county, at or near a certain place on the said public highway, called the Thirty-ninth street and Thirty-seventh street crossings, in said city, and whilst so using and operating the said railroad, as aforesaid, the defendant then and there drove a certain locomotive engine upon and along the said railroad, up to, upon and across the said public highways at the said crossings of the same and the said railroad, and in so doing, no bell of at least thirty pounds weight, or steam whistle, placed on the said locomotive engine, was rung or whistled by the engineer or fireman thereof, or any employe or servant of the said defendant, at the distance of at least eighty rods from the said crossing, and kept ringing or whistling until the said crossing was reached by the said locomotive engine, but therein the defendant wholly failed and made de-

fault, contrary to the form of the statute in such cases made and provided, by means and in consequence of which default and neglect of the defendant, as aforesaid, the said locomotive engine then and there ran and struck, with great force and violence, the said plaintiff, who was then and there rightfully, and with all due care and diligence, standing on the railroad track of defendant, near said crossings between Thirty-ninth and Thirty-seventh streets, and thereby the plaintiff was then and there thrown, with great force and violence, to the ground, and run over by said locomotive engine and train of the defendant, so negligently driven and managed as aforesaid, and was thereby then and there greatly bruised and injured, and had one of his legs cut off, then and there, by said locomotive engine and train of cars of the defendant, as aforesaid, and he was otherwise greatly bruised and injured as aforesaid, and permanently crippled and disabled, and so remained for a long time, to-wit, thence hitherto, during all which time the plaintiff suffered great pain, and was hindered and prevented from transacting and attending to his business, and was deprived of great gains and profits which he would otherwise have acquired, and by means of the premises the plaintiff was forced to, and did then and there, lay out divers sums of money, to-wit, about $500, in and about endeavoring to be cured of his said wounds, hurts and bruises occasioned as aforesaid, to the damage of $10,000, etc.

The defendant pleaded not guilty. Trial was had at the October term, A. D. 1882, of the Superior Court, resulting in a judgment for the plaintiff, for $5000. The defendant appealed to the Appellate Court for the First District, and pending that appeal, the plaintiff died intestate. His administrator,—his son, Jeremiah O'Connor,—was substituted in his place as plaintiff in the suit. The Appellate Court reversed the judgment of the Superior Court, and remanded the cause for a trial *de novo*. At the November term, A. D. 1884, of the Superior Court, the defendant filed a plea in abate-

ment, in substance that the original plaintiff in the suit died on the 24th day of August, A. D. 1883, from causes other than the injuries described in the declaration.    Subsequently a demurrer was sustained to this plea, and thereafter the court also sustained a motion to strike it from the files. Afterwards, the defendant moved to strike out the following words from each count of the declaration, namely: "Permanently crippled and disabled, and so remained for a long time, to-wit, thence hitherto, during all which time the plaintiff suffered great pain, and was hindered and prevented from transacting and attending to his business and affairs, and lost and was deprived of divers great gains and profits, which he might and otherwise would have made and acquired, and was forced, by means of the premises, to then and there lay out divers sums of money, to-wit, about $500, in and about endeavoring to be cured of his said wounds, hurts and bruises occasioned as aforesaid."    And for that reason, the defendant says that the administrator has not the right to recover for the injuries therein mentioned.

The court sustained the motion as to the words "permanently crippled and disabled," as they occur in each paragraph of the declaration, and ordered said words stricken out, but overruled the defendant's motion as to the remainder thereof.    The defendant excepted.    The defendant then presented and asked leave to file two pleas,—the general issue, and a plea of the two years' Statute of Limitations,—which was denied.

Mr. WILLIAM ARMSTRONG, for the appellant:

The plea in abatement was filed on the authority of *Holton* v. *Daly,* 106 Ill. 131.

If anything survives to the administrator, it is for actual pecuniary loss up to the time of the death.    Loss for permanent injuries, pain, suffering, etc., abates with the death of the injured party.

The court erred in refusing to allow us to plead *de novo.* While it is true the plea of general issue was filed to the original declaration, and upon which the first trial was had, yet, after this, the plaintiff died, his administrator was substituted, motions were had as to plea in abatement, portions of the declaration were stricken out, and yet we were denied the right to plead to the amended declaration. We have this right in any case, which is not at issue, and certainly have the right where material amendments are made. *Railroad Co.* v. *Monka*, 107 Ill. 340.

We waived nothing, as we had our pleas prepared, as the record shows, and were insisting on being allowed to file the same as soon as the court struck out a portion of the declaration, and before entering upon the trial of the cause. Certainly, nothing more could be asked of us.

Where the parties proceed to trial without issue joined, the objection that could have been urged is presumed to be waived. *Kelsey* v. *Lamb*, 21 Ill. 559; *Lindsay* v. *Stout*, 59 id. 491.

The instructions fail to state the law of comparative negligence correctly. *Railroad Co.* v. *Thompson*, 11 Bradw. 635; *Railroad Co.* v. *Hightower*, 92 id. 141; *Railroad Co.* v. *O'Connor*, 13 Bradw. 62.

The courts have held that it is not only necessary that the terms "slight," and "gross," should be used, but that the court must give to the jury a definition of each, otherwise the jury would be left free to "ascribe to them definitions of their own invention." *Railroad Co.* v. *DeCamp*, 11 Bradw. 475; *Railroad Co.* v. *Thorsen*, id. 631; *Railroad Co.* v. *Kellaher*, 12 id. 399.

In instruction No. 3 we asked the court to instruct the jury, that in case the decedent, O'Conner, was injured solely by his making a mistake as to which track the train was coming on, he could not recover. This was refused, and we think, under the authorities cited, it was error.

Messrs. HYNES, ENGLISH & DUNNE, for the appellee:

It was conceded, on both sides, that O'Conner died from other causes than the injury in question. In such case the cause of action survived. *Holton* v. *Daly*, 106 Ill. 141.

The testimony of O'Conner given on a former trial, he being dead, was properly admitted on the second trial, the issues being the same. *Iglehart* v. *Jernegan*, 16 Ill. 513; *Railroad Co.* v. *Keep*, 22 id. 9; 1 Greenleaf on Evidence, sec. 164, p. 199; 1 Wharton on Evidence, sec. 177; *Wade* v. *King*, 19 Ill. 300; *McConnel* v. *Smith*, 23 id. 612; 27 id. 234.

A case closely resembling the case at bar in the matter of striking out the allegations of permanent injury in the declaration, will be found in the case of *Burnap* v. *Wight*, 14 Ill. 307. In that case the court say: "The allegations respecting his credit, business, and the like, may properly be rejected as surplusage. Excluding them entirely from the declaration, it still shows a good cause of action. They may be stricken out on motion, or the court will not allow any evidence to be given under them on the trial. It is well settled, that where unnecessary allegations are made in a declaration, which are foreign and irrelevant to the cause, they will be rejected as surplusage, and need not be proved, nor will they vitiate even upon special demurrer." 1 Chitty's Pleading, 262; Stephen's Pleading, 524; *Tucker* v. *Randall*, 2 Mass. 283; *Grannis* v. *Clarke*, 8 Cow. 36; *Wilmarth* v. *Mountford*, 8 S. & R. 124.

It is not necessary that a plaintiff's instructions shall state the law of comparative negligence.

The third instruction asked by the defendant was properly refused. A man in the exercise of the highest degree of care and caution may make a mistake. A mistake is not necessarily attributable to negligence.

38—119 ILL.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We have carefully considered the several grounds urged for a reversal of the judgment below, and are of opinion that they are all untenable.

*First*—The action being for personal injuries caused by the negligence of the defendant, it is within the statute, and survives. (Rev. Stat. 1874, chap. 3, sec. 123.) And there is nothing in *Holton* v. *Daly, Admx.* 106 Ill. 131, which holds to the contrary. Indeed, it is expressly therein recognized that such actions do survive upon the death of the plaintiff, and it was held, when the death is the result of the injuries for which the suit is brought, the action must be prosecuted, after the death, for the benefit of the widow and the next of kin, and that in such case there can be no recovery for the bodily pain and suffering, but that where the death results from a cause other than the injuries for which the suit is brought, there may be a recovery, notwithstanding the death, for precisely the same injuries that the party himself could have recovered for, had he lived until after the final trial. The demurrer to the plea was, therefore, properly sustained. The motion afterwards made, to strike the plea from the files, was simply supererogatory. Sustaining it did no possible harm to the defendant.

*Second*—We are not aware of any authority which sanctions the practice of striking out portions of a declaration on motion. If a declaration is defective, a demurrer should be interposed, and, in some instances, the same question may be raised on objection to evidence, or on instructions to the jury. In no view do we think the defendant was prejudiced by the ruling of the circuit court in this respect. The question is not what we may think ought to survive, but what does the statute declare shall survive. Its language is free of ambiguity, very plain, and, it would seem, incapable of being misapprehended. It is: "In addition to the actions which survive by the common law, the following shall also survive : * * * Actions

to recover damages for an injury to the person." This can simply mean nothing else than that the action shall proceed in the name of the administrator, just as if the party had not died. It does not, as does the act of February 12, 1853, give a new right of action to the administrator. It simply continues an existing action or right of action, and prevents its abating by the death of the plaintiff or party having the right of action.

*Third*—The plea of not guilty was already on file. The action of the court, in ordering, on defendant's motion, that a portion of the declaration be stricken out, did not essentially change the material allegations of the declaration. The issues were, in substance, the same, afterwards as before. It is not pretended that, under any evidence that could have been produced, the Statute of Limitations could have been sustained. If that plea was intended to be interposed in good faith, it should have been done before the issues were closed. The death of the plaintiff did not, in any respect, affect any issue under that plea. It was discretionary with the court to allow the plea to be filed at the late day that it was offered, and we perceive no abuse of discretion in refusing it.

*Fourth*—There was evidence before the jury tending—how much is immaterial—to establish negligence, and the question of the weight of it, and of the reasonableness of the amount of damages, belongs purely to the Appellate Court.

*Fifth*—It was entirely competent to prove, as was done, what O'Connor testified on the former trial. The issues were unchanged, in any respect, by his death. (*Holton* v. *Daly, Admx. supra.*) And that being so, all the authorities concur that it was competent to prove, on the last trial, what he testified to on the first. *McConnel et al.* v. *Smith, Admr. et al.* 27 Ill. 234; *Iglehart* v. *Jernegan*, 16 id. 513; *M. P. R. Co.* v. *Keep*, 22 id. 9; 1 Greenleaf on Evidence, (13th ed.) sec. 164.

*Sixth*—It is objected that the first instruction does not state the law of comparative negligence recognized in this

State. Notwithstanding any expressions that may be found in opinions in earlier cases, tending to authorize a conclusion to the contrary, it is now settled that it is not indispensable that such doctrine shall be stated in instructions for the plaintiff. If an attempt is made to state the doctrine, it should be stated correctly, as held in cases referred to in the plaintiff's argument; but, if the jury are correctly instructed, in other respects, in regard to the doctrine of negligence, it will be sufficient. It must appear that the plaintiff has observed due care, and that he was injured by the negligence of the defendant; and if this does appear, it will authorize a recovery. If the defendant wishes the jury further instructed in regard to the comparative negligence of the parties, the counsel for that side should solicit the instructions. *Calumet Iron and Steel Co.* v. *Martin,* 115 Ill. 374.

But it is again objected, that this instruction excludes the idea that it should appear that the injury was caused by the negligence of the defendant. This is a misapprehension. In the introductory part of the instruction, the jury are told that the plaintiff seeks to recover on the ground that the defendant so negligently, carelessly and improperly drove and managed its locomotive engine and train, on the occasion in question, that the deceased, Jeremiah O'Connor, while in the exercise of ordinary care, suffered certain injuries; and in the body of the instruction the jury are again told that the right of recovery is dependent upon their finding, from the evidence and under the instructions of the court, that "the defendant is guilty of having so negligently, carelessly and improperly driven and managed its locomotive engine and train on the occasion in question, that the deceased, Jeremiah O'Connor, while in the exercise of ordinary care, suffered certain injuries thereby, as alleged in the declaration."

*Seventh*—It is objected that the court erred in refusing to give to the jury the defendant's third and fourth instructions. The third instruction asked by the defendant reads thus:

"In this case, if you find, from the evidence, that the decedent, O'Connor, was injured solely by his making a mistake as to which track the train was coming on, then the plaintiff can not recover, and you shall find a verdict for the defend-ant." This implies that if O'Connor made a mistake as to which track the train was coming on, it must, inevitably, have been either because he did not possess the knowledge in relation to the situation of the tracks and the running of the trains thereon, or because he did not exercise the care or skill in this respect which the duties he had assumed to perform required, to ascertain on which track the train was coming; but it is manifest this is untenable, because the failure of the defendant to ring a bell, or to otherwise give warning of the approach of the train, or the peculiar manner in which the train was operated, may have caused O'Connor to make a mistake as to which track the train was coming on, notwithstanding that he was, at the time, in the exercise of due care. To mistake,—that is, to err in judgment or opinion,—does not necessarily imply a failure in duty on the part of the person mistaken. He may have judged accurately, or, at least, reasonably, in view of the lights before him, and yet he may have been mistaken,—his judgment wrong, through no fault of his,—because those lights were illusory and deceptive. Whether, here, assuming that O'Connor was mistaken in the respect indicated in the instruction, that mistake was because of some failure in duty on his part, or because of some failure in duty on the part of the defendant, was, under the evidence as preserved in the record, a question of fact for the jury. The court could not declare, as a matter of law, that it was because of a failure in duty on the part of O'Connor. It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence, as a matter of law. If the conclusion of negligence, under the fact stated, may or may not result, as shall depend on other cir-

cumstances, the question is one of fact for the jury. The fourth instruction asked by the defendant is repeated in the defendant's twelfth and thirteenth instructions, which were given, and there was no necessity for further repetition.

*Eighth*—The sixth instruction was properly refused, because, in the first place, it seeks to put the court in the place of the jury, and require it to draw the conclusions of fact for the jury, instead of leaving them to be drawn by the jury; and, in the second place, the idea intended to be conveyed is fully expressed in the defendant's fourteenth instruction, which was given. What was said by this court, supposed by counsel for the appellant to be pertinent, in *Lake Shore and Michigan Southern Railroad Co.* v. *Hart,* 87 Ill. 534, was in regard to travelers about to *cross over* railroad tracks, and is irrelevant to a case like the present, where an employe of a railroad company is injured in the performance of duties on or about railroad tracks.

*Ninth*—The defendant asked to have the jury instructed to the effect that the relation of co-servant existed between O'Connor and his foreman, and that if O'Connor was injured through the negligence of his foreman to give him warning, this would be the negligence of a fellow-servant, and there could be no recovery. O'Conner and his foreman were in the employ of the Western Indiana Railroad Company. This suit is against the Chicago and Eastern Illinois Railroad Company, charging it with negligence. It is not pretended that O'Connor's foreman had anything to do with the running and management of the defendant's trains, and hence the case is not one wherein the doctrine applicable to cases in which one servant is injured by the negligence of a co-servant, is pertinent. The questions are, did O'Connor observe due care to avoid the injury, and, if so, was he, while observing such care, injured by the defendant's negligence. O'Connor could not, and it was not claimed that he should, be absolved from his duty to observe due care because he was under the control of

a foreman. Of course, if he was injured solely in consequence of the negligence of his foreman, he was not injured in consequence of the negligence of the defendant; but this is only equivalent to saying, that if O'Conner was not injured by the defendant's negligence, there could be no recovery. If not thus injured, it was immaterial how otherwise he was injured, and in this respect the jury was sufficiently instructed.

We are of opinion that there is no error in the ruling of the court upon any question of law presented by the record, which would justify us in reversing the judgment below.

The judgment is affirmed.

*Judgment affirmed.*

Subsequently, on the 22d of March, 1887, on an application for rehearing, the following additional opinion was filed:

Per Curiam: We have carefully considered the petition filed herein, for a rehearing, but find no sufficient reason for granting its prayer. The petition is predicated upon the assumption that what is held in the foregoing opinion in respect of the right of recovery being for precisely the same *injuries* for which the intestate could have recovered had he lived, is in conflict with the ruling in *Holton* v. *Daly*, 106 Ill. 133, sustaining an instruction limiting the plaintiff's right to recover to *damages* sustained before the death of the intestate. This is a misapprehension. The subjects are not the same. In the present case we are speaking only of the *cause of action*, —that cause of which there may be a recovery,—but the instruction in that case, and the remarks therein referred to, relate to the *extent of the recovery*. *Injuries* for which there may be a recovery, is one thing, and the *damages* that may be recovered, is another and different thing. And so, although there may be, in different contingencies, the right of recovery in different parties for the *same injuries*, it does not follow that their measure of recovery,—*i. e.*, the *damages* which, in legal estimation, they have sustained,—is the same.