August Hoffman, Appellant, v. Peoria, Bloomington & Champaign Traction Company, Appellee.

INSTRUCTIONS—*when peremptory improperly given.* To authorize the court to direct a verdict the evidence on the question of due care must be of such a character that the minds of all reasonable persons would inevitably arrive at the same conclusion.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

WIGHT & ALEXANDER, for appellant.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellant against appellee to recover for an injury at the highway crossing of appellee's railroad.

The declaration charges negligence in appellee in approaching the public crossing at a high and dangerous rate of speed without sounding or giving any warning as required by statute. The declaration alleges due care on the part of appellant and has the usual averments and charges of negligence against appellee.

Upon the trial of this cause, at the close of the evidence of appellant, the court directed a verdict for appellee and rendered judgment on the verdict against appellant in bar of action and for costs. From that judgment this appeal is prosecuted.

The error assigned is the action of the trial court in directing verdict and in rendering judgment on the verdict as directed.

The evidence of appellant in this cause shows that he was proceeding along the public highway toward the railroad crossing with a team and a wagon load of posts; that when he arrived at a point about fifty feet from the railroad crossing he stopped his team and while at this point, as disclosed by his own evidence, looked in both directions, east and west for a car. The railroad to the east was unobstructed for a distance of seven hundred feet or more. To the west there was a corn field which partially obstructed the view of the railroad, and appellant, as his testimony discloses, was expecting a car from the west, consequently kept his attention directed that way. After he had looked in both directions and saw no car he proceeded upon his way across the railroad without further directing his attention to the east. The road was rough and uneven, and as he came upon the railroad crossing his team was hit by an express car coming from the east which resulted in the damages claimed in this action. Appellee's motion to direct the verdict was on the theory the appellant's evidence failed to show due care on his part.

In order to determine this question it is necessary to weigh the evidence of appellee upon this point. The motion of appellee being in effect a demurrer to the

evidence admits that the same is true, and in order to determine the question of due care, it was necessary to weigh the evidence and determine from the acts of appellant, as shown by the record, whether his actions showed due care. It is well settled that the trial court is not authorized to weigh evidence to determine this question and if there is evidence tending to show due care upon the part of the appellant, and the evidence that while appellant was stopped at a point fifty feet from the railroad crossing he looked in both directions for the car, presented the question as to whether his actions thereafter in proceeding across the right of way without further directing his attention to the east for a car from that direction was a want of due care, and the question should have been submitted to the jury, and it was error in the court to direct the verdict for appellee. To authorize the court to direct a verdict, the evidence, on the question of due care, must be of such character that the minds of all reasonable persons would inevitably arrive at the same conclusion. C. & N. W. Ry. Co. v. Hansen, 166 Ill. 629; C. & E. I. Ry. Co. v. O'Connor, 119 Ill. 586; Garrity v. C. O. F., 243 Ill. 411.

This court expresses no opinion as to the weight or sufficiency of this evidence further than to determine that there is sufficient evidence in the record to have required the submission of this cause to a jury and for the error of the trial court in directing the verdict for appellee and rendering a judgment upon the verdict as directed, the judgment below will be reversed and the cause remanded.

*Reversed and remanded.*