## August Hoffman, Appellee, v. Peoria, Bloomington & Champaign Traction Company, Appellant.

1. ORDINARY CARE—*what does not excuse from obligation to exercise.* Intoxication does not excuse a person from the obligation to exercise ordinary care for his own safety.

2. CONTRIBUTORY NEGLIGENCE—*crossing railroad tracks.* A person in an intoxicated condition who attempts to cross railroad tracks in front of an approaching engine is guilty of contributory negligence if his injury could have been avoided by looking and listening.

Action in case for personal injuries. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Reversed. Opinion filed October 14, 1911. Rehearing denied December 8, 1911.

LIVINGSTON & BACH, for appellant.

WIGHT & ALEXANDER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon a former trial of this cause in the circuit court, the trial judge, at the close of the evidence, directed a verdict for the defendant, and rendered judgment upon the same in bar of action and for costs. Upon an appeal to this court, such judgment was reversed and the cause remanded for error of the trial court in directing a verdict. The character of the pleadings and the leading facts disclosed by the evidence, may be found in the opinion reported in 155 Ill. App. 126. This court there expressed no opinion as to the weight or sufficiency of the evidence, further than to determine that there was sufficient evidence in the record to have required the submission of the cause to a jury.

Upon the present appeal we are at liberty to weigh the evidence, and it becomes our duty to determine whether or not the finding of the jury that the plaintiff was, at the time of and immediately prior to his injury, in the exercise of due care and caution, was manifestly against the weight of the evidence. The evidence relating to this issue was substantially the same as upon the former trial. The circumstances under which the plaintiff was injured are, briefly stated, the following: The defendant's railroad crosses a public highway at right angles. There was nothing to obstruct the view of cars approaching said highway from the east. One approaching the highway from the north could easily see from any point within two hundred feet of the crossing, an approaching car at any place within nine hundred feet of the highway. The road was level north of the track for more than half a mile. There was an oats stubble field on the north side of the track, immediately east of the highway, but no buildings, cars or other obstructions. The track was in good condition. There was some proof that there were weeds and grass growing on the right of way, but it does not appear that the same would prevent a person approaching the crossing from the north, at any

place on the track, within nine hundred feet of the crossing, from seeing an approaching car.

The plaintiff was about sixty-four years of age. The greater weight of the evidence shows that on the day in question he had been drinking intoxicating liquor to excess. On the afternoon of the day he was injured, he was driving along the highway in question, seated upon a lot of posts loaded on a hay-rack, drawn by two horses. While he was attempting to cross the defendant's tracks, he was struck by one of its cars and as a result was severely injured, his horses killed, and the hay-rack and wagon destroyed. He testified that at a point eighty feet north of the crossing he stopped his horses, stood up on top of the posts and looked each way to see if a car was approaching, and that his horses were traveling at the rate of five miles an hour. The evidence still further shows that the plaintiff was acquainted with the crossing, living within a short distance thereof; that he had used it many times.

When the surroundings of the place of the accident, about which there is no serious controversy in the evidence, are considered, it seems exceedingly improbable, if not impossible, that the plaintiff, if he had looked, could have failed to see the car approaching in ample time to avoid injury. If he did observe the car, and attempted to cross the track ahead of it, he was clearly guilty of contributory negligence; and this is also true if he failed to look or listen. The fact that he may have been wholly or partially intoxicated at the time did not, of itself, constitute a lack of due care. Such fact did not, however, excuse him from the exercise of such care as might reasonably be expected from one who is sober. Keeshan v. Traction Co., 229 Ill. 533.

We are impelled to the conclusion that the verdict of the jury was clearly against the weight of the evidence, and that the judgment should not be permitted to stand. The same is therefore reversed, with directions to the

clerk of this court to incorporate in the judgment to be entered, the finding that the plaintiff, at and immediately prior to the time he was injured, was not in the exercise of due care and caution for his own safety.

*Reversed with finding of fact.*