ANGELINA PORTO *vs.* CONSOLIDATED MOTOR LINES, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 10th—decided November 7th, 1933.

*George H. Cohen,* with whom, on the brief, was *Naaman Cohen,* for the appellant (plaintiff).

*Louis Y. Gaberman,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for injuries done to a truck owned by her when it was struck by a truck of the defendant, and from a judgment for the latter she has appealed. The accident occurred in the nighttime when it was very dark, and the conclusion of the trial court that the driver of the plaintiff's truck was negligent in leaving it parked upon the highway without proper lights was supported by the subordinate facts, which cannot be corrected in any way material to this issue. The substantial claim of the plaintiff is that, despite such negligence, the defendant was liable under the last clear chance doctrine. The driver of the defendant's truck, when he was about fifty feet away, saw a large dark object with a light box or trunk showing on or in it in the highway in front of him. The highway at this point had four lanes of traffic, the

parked truck was in the one farthest to the right and the driver of the defendant's truck was proceeding in the same lane. He could have stopped before he reached the parked truck. Instead, he turned to the left to pass it, the truck he was driving did pass, but a trailer behind it struck the left corner of the tailboard of the plaintiff's truck. There was no traffic coming in the opposite direction, and the driver of the defendant's truck might have turned further to the left and thus have avoided the collision. He was trying, however, to keep to the right of the center line of the highway. His conduct in attempting to pass the plaintiff's truck instead of stopping before reaching it was an entirely proper course for him to take. In view of the darkness, the absence of lights on the plaintiff's truck and the proper effort of the driver of the defendant's truck to keep to the right side of the highway, we cannot say that, as matter of law, his error in judgment in failing to turn a little further to the left amounted to negligence; *Carney* v. *Concord Street Ry. Co.*, 72 N. H. 364, 372, 57 Atl. 218; *McClain* v. *Brooklyn City R. Co.*, 116 N. Y. 459, 22 N. E. 1062; *Wisconsin & Arkansas Lumber Co.* v. *Montgomery*, 165 Ark. 560, 563, 265 S. W. 365; *Chicago & E. I. R. Co.* v. *O'Connor*, 119 Ill. 586, 597, 9 N. E. 263; and the conclusion of the trial court that he was not negligent must stand.

There is no error.