**HAYMAN, Admx., Plaintiff-Appellant, v. THE PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3804. Decided July 12, 1945.

Benoy, Saxby & Sebastian, Columbus, for plaintiff-appellant.

Burr, Porter, Stanley & Treffinger, Columbus, and Charles S. Gillespie of counsel, for defendant-appellee.

## OPINION

By GEIGER, J.

This matter is before this Court on appeal on questions of law from a judgment of the Court below sustaining defendant's motion to strike certain portions of the petition, and upon the plaintiff's not desiring to further amend her petition upon the order of the Court, in which the motions to strike were treated as a demurrer and the petition dismissed.

The petition presents an unusual state of facts, and because of the matters considered by the Court, it becomes advisable to recite the allegations of the petition somewhat more at length than might otherwise be justified.

The plaintiff, Roberta C. Hayman, is the administratrix of the estate of Richard Ellis Hayman. One of the lines of the defendant railroad company extends in an easterly and westerly direction through Franklin County and through the village of Black Lick. The tracks of the company extending through said village consist of three parallel contiguous tracks which pass over a public highway known as the "Reynoldsburg—New Albany Road". The railroad company maintains a flasher signal light at said crossing, which flasher is set in operation when the locomotive or trains stand upon or approach said grade crossing, and by passing trains.

Upon the date in question, plaintiff's decedent was driving northwardly on said Reynoldsburg—New Albany Road in his automobile, and approached said tracks at the grade crossing, stopping before attempting to cross over the railroad tracks, at which time the flasher signal was in operation. He looked toward the east. It is stated that on many occasions prior to the date, said flasher signal was in operation on account of engines and cars standing or approaching slowly. At the time the decedent so approached the railroad tracks and brought his car to a stop, the defendant company was backing a locomotive without cars attached, in a westerly direction

upon the northernmost track, and gave no signal of approach by either bell or whistle. The tender of the locomotive was approaching the highway at a time when the plaintiff's decedent started his automobile forward after looking to the east, from a standing position and attempted to cross over the crossing and had so crossed the northernmost track of the crossing, that the front and a large part of his automobile was across said track, when the locomotive came in collision with his automobile. Said locomotive was known as and used as a "pusher" or "helper" locomotive. The crew in charge of said locomotive was composed of an engineer, fireman and signalman; the tender was provided with a cupola having a seat and glass windows, and at the time of the accident opened in a westerly direction, and was so constructed for the purpose of providing a place for carrying the signalman, whose view of the tracks is unobstructed while the locomotive is backing. The rules of the company provided that these three employees must keep a lookout for obstructions on the track and for receiving and transmitting to the engineer necessary signals and for doing all things necessary for the safe movement of the locomotive. At the time of the collision, said cupola was occupied by the signalman, but he was not paying attention to his duties and was not looking forward, so that when the "defendant's tender collided with the decedent's automobile, said signalman failed to see said automobile on the crossing and failed to see, hear or feel the impact of said collision, and failed to give a signal to the engineman to immediately stop said locomotive".

At the same time, neither the engineman nor the fireman were looking forward in the direction in which said locomotive was traveling, and neither of them saw or discovered the decedent's automobile upon the tracks until after said decedent's automobile had collided with a switch standard.

The petition then states the unusual incident of the accident and asserts that the tender of the locomotive struck the decedent's automobile at the rear thereof, caught it up on the tender on the north side and pushed said automobile to the west a distance of approximately 1000 feet before stopping. It is asserted that the front end of said automobile protruded beyond the tender of said locomotive and north of said track and continued to ride on the tender for said distance of approximately 1000 feet and at approximately 400 feet west of the highway crossing the west portion of the automobile so protruding on the north of said track, struck a switch standard located north of and immediately contiguous to said tracks, causing the standard to be broken off. The decedent was

thrown from the automobile to the ground on the defendant's right of way, a distance of approximately 580 feet from said highway. It is alleged that said backing locomotive, at the time of the collision, was proceeding at a speed of 20 miles per hour, and that had either the engineman, fireman or signalman been looking forward and the signal been given by the signalman or fireman to the engineman, said locomotive could have been instantly stopped and before the automobile struck the standard. It is asserted that in and by the collision of the automobile with the said switch standard and solely by reason thereof, plaintiff's decedent received the injuries from which he died. It is further alleged in substance that during all of said distance, while the plaintiff's decedent was in a position of peril, from which he could not extricate himself, the engineman in charge of the locomotive failed and neglected to stop the same, and "during all of said distance" (designated paragraph 13) "each member of the crew in violation of their duties, were not looking forward in a westerly direction, and each failed to observe persons attempting to give warning of the peril in which the plaintiff's decedent was placed, while decedent's automobile was being carried on the tender as aforesaid. Notwithstanding the noise incident to the collision, and the force of the impact of the collision of the tender with his automobile at said grade crossing, neither of the members of said crew in charge of the locomotive discovered the peril of the plaintiff's decedent in time to stop said locomotive and avoid the accident".

It is stated that decedent's death was solely and approximately caused by the negligence and carelessness of the defendant's servants in charge of the locomotive, in not discovering decedent's perilous position.

The defendant filed a motion to strike out certain matters in the petition, which he designates in three branches. The motion of the defendant in all branches was sustained. Branches Nos. 1 and 2 are not of importance enough to comment upon. The whole question centers around the action of the Court in striking what is designated as the 13th paragraph of plaintiff's petition, which we have above indicated by direct quotation. The final entry in the case is to the effect that the cause came on to be heard on the defendant's motion, and the Court, on consideration thereof, finds that the motion as to each of the three branches, is well taken and sustains the same. "Plaintiff, not desiring to amend or further plead, the Court treats said motion as to the petition as a demurrer to the petition, and treating said motion as

such demurrer, finds that the same is well taken, and does sustain the same, and does order the plaintiff's petition to be dismissed at the cost of the plaintiff. Plaintiff excepts".

From this final entry, the plaintiff appeals.

Under the peculiar facts plead, there might be a close question as to whether the last clear change might be available to the plaintiff or whether the negligence of both plaintiff's decedent and defendant was concurring and continuing and that, therefore, the plaintiff would have no right of recovery. However, this matter so far as the plaintiff is concerned, is definitely settled by her statement in her brief on page 3, "Plaintiff bases her case on the doctrine of the 'last clear chance'. It presents a clear and unadulterated case of 'last clear chance' or as called by many authorities, the 'humanitarian doctrine'." Defendant contends that the last clear chance doctrine in this state cannot be availed of without the specific allegation that the defendant's servants actually saw plaintiff in a position of peril and actually knew same. This brings the matter in controversy sharply to the attention of the Court. If the plaintiff has clearly invoked the doctrine of the last clear chance, then it is for the Court to determine whether or not under the allegations of the petition, there was the necessity of statement to the effect that the defendant's servants actually saw or knew of the perilous condition of the plaintiff's decedent after his car was first struck by the backing locomotive. Counsel for both sides have given their attention largely to the question of the allegations necessary in the determination of the issues necessary on the doctrine of the last clear chance.

There is no doubt that there has been some confusion in the judgment of the several courts of Ohio, and they are not easy to reconcile. Also, it appears that in many other jurisdictions, a rule has been established definitely contrary to that asserted by the defendant in this case as to the necessity of actual notice before the defendant can be held liable on account of its failure to exercise its duty under the doctrine, of avoiding the injury to a person after he by his own negligence is placed in a perilous position.

It is quite apparent that the plaintiff in this case has not only failed to assert that the defendant was actually advised of the perilous position of the plaintiff, but the allegations of the petition are definitely in denial of any such claim. The plaintiff repeats in several different forms the allegations that the defendant, due to the negligence of its servants, was not advised of the perilous position of the plaintiff's decedent, and had no knowledge of the fact that

his automobile was riding on the tender of the locomotive before it struck the standard which caused her decedent's death. If the law of Ohio is to the effect that the plaintiff might recover after plaintiff's decedent had, by his own negligence, placed himself in a position of peril from which he could not extricate himself, and the defendant, through its own negligence failed to discover the perilous position of the plaintiff's decedent so as to avoid the accident, then it would appear that the question as to the liability of the defendant should have been submitted to the jury under proper instructions. However, if the law of Ohio is to the effect that the defendant, under conditions narrated in the petition, must first be actually advised of the peril of plaintiff's decedent, and after such knowledge, by its own negligence failed to exercise proper care itself to avoid the accident, then the petition does not state facts sufficient to constitute a cause of action, and the Court below was not in error in sustaining the demurrer to the petition, or rather sustaining the motion which he considered as a demurrer.

This case has been presented by both sides in a masterly manner. We shall not make a detailed examination of the position taken by either side, nor shall we give any detailed analysis of the decisions on this point in the state of Ohio.

When any matter is emphasized it is our emphasis.

The most pertinent case is that of **Railroad Company v Masterson, 126 Oh St 42**, syllabi as follows:

"1. Where a plaintiff, by his own fault, has caused himself to be placed in a perilous situation, he may recover under the rule of the 'last clear chance', notwithstanding his negligence, if the defendant did not, **after becoming aware of plaintiff's perilous situation**, exercise ordinary care to avoid injuring him.

"2. If recovery is predicated upon a state of facts invoking that rule, an instruction by the court, to the effect that if the plaintiff was guilty of such negligence his negligence would not preclude recovery, if the defendant failed to use ordinary care **'after he saw or in the exercise of ordinary care should have seen'** the plaintiff in a dangerous situation, is erroneous. The rule in Ohio requires the defendant to use due care after **knowledge** of plaintiff's peril. (**Erie Rd. Co. v McCormick, 69 Oh St 45**, approved and followed; the first proposition of the syllabus in **Railroad Co. v Kassen, 49 Oh St 230**, disapproved.)

"3. A petition setting forth a state of facts as a basis for

the application of the doctrine of the last chance but which, in that connection, merely alleges that defendant saw or **could have seen the plaintiff in a perilous situation,** is insufficient to invoke the rule. * *

"4. A plaintiff may, in his petition, plead a case of ordinary negligence and may also plead a state of facts invoking the last chance rule; and he may recover under whichever aspect the proof in the case assumes."

Under the principle of the fourth syllabus it may have been possible for the plaintiff to so frame his pleading as to be entitled to a recovery under an allegation of simple negligence, or under the doctrine of the last clear chance, whichever aspect the proof in the case might thereafter assume. However, as heretofore stated the plaintiff in this case distinctly and exclusively relies upon the doctrine of the last clear chance and does not assert any right to claim under allegations and proof of ordinary negligence.

This case is a very interesting one and seems to state the final position taken by the Supreme Court of Ohio. Counsel for plaintiff in his brief endeavors to minimize the effect of this case by the assertion that the facts in that case did not justify the decision of the Court.

Judge Marshall in an opinion concurring in the judgment, but dissenting from the rules announced by the several syllabi, reviews in an interesting way the various cases in the state of Ohio. He states that he concurs in the judgment of reversal upon the sole ground that the issue of the last clear chance doctrine was not made by the pleadings, and it was therefore reversible error to receive evidence upon that issue and it was also error to instruct the jury upon that issue. While Judge Marshall's opinion is a concurring opinion, it is, as he states, on the sole ground that the issue of last clear chance doctrine was not made in the pleadings.

In syllabus 2, the first proposition of **Railroad Company v Kassen, 49 Oh St 230,** was disapproved.

In **Railroad Company v Kassen, 49 Oh St 230,** Syl. 1, disapproved in Railroad Co. v Masterson, supra, is as follows:

"1. It is a well settled rule of the law of negligence, that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of the injury of which he complains, if the defendant after he became aware, or ought to have become aware, of the plaintiff's danger, failed to use ordinary care to avoid injuring him, and he was thereby injured."

The Kassen case was a leading case for many years in Ohio and seems to be largely concurred in on the ground that after Kassen had fallen from the first train the employees of the Railroad were informed of his perilous position but failed to notify the second train which killed him. Some courts take the position that notice to the railroad employees riding on the first train from which Kassen fell was as a matter of fact notice to and knowledge to be imputed to the company, which should have avoided the accident by notifying the operators of the second train.

The **Erie Railroad Company v McCormick, 69 Oh St 45,** Syl. 3:

"In an action against a railroad company by one who, by his own fault is upon its track and in a place of danger, to recover for a personal injury caused by the failure of its employees operating one of its trains to exercise due care after knowledge of his peril, it is necessary to show actual knowledge imputable to the company. **Railroad Co. v Kassen, 49 Oh St 230,** distinguished."

On page 55, Shauck, J., states:

"By introducing into the instruction given the phrase, 'if the engineer in charge of the train ought, by the exercise of ordinary care, to have seen the deceased in his perilous position', and by other expressions in the charge involving the same conception, the court gave to the jury an erroneous view of the law."

And further,

"upon the only ground alleged in her petition upon which she might recover there is an entire absence of evidence, to wit: the **actual knowledge of the engineer of McCormick's peril.**"

Tracing the course of decisions in Ohio we examine the earlier cases. In **Railroad Company v Smith, 22 Oh St 227,** concerning the injury to trespassing animals killed by the train, it is stated that,

"if the servants of the company, having the train in charge, **by the exercise of ordinary care,** and with due regard to their duties for the safety of the property in their charge,

could have seen such animals on the track in time to have saved them, it was their duty to have done so, and for their negligence in this respect, where the owner is not guilty of contributory negligence, the company will be liable."

Of course there is marked distinction between this case and the case at bar, and it probably cannot be considered as an authoritative declaration that if the defendant in the case at bar **could** have discovered the perilous position of the plaintiff a recovery might be had.

**Railroad Company v Weisel, 55 Oh St 155.** It is there held that where the negligence of the owner of trespassing animals permits them to go upon the right of way of the Railroad Company, liability on the part of the company arises only when it is shown that the injury resulted from the intentional act or gross carelessness of those operating the train.

**Drown v Traction Company, 76 Oh St 234:**

"The doctrine of 'last chance' as formulated in Railroad Co. v Kassen * * does not apply where the plaintiff has been negligent, and his negilgence continues, and, concurrently with the negligence of defendant, directly contributes to produce the injury; it applies only where there is negligence of the defendant subsequent to, and not contemporaneous with, negligence by the plaintiff so that the negligence of defendant is clearly the proximate cause of the injury and that of the plaintiff the remote cause.

"Since the plaintiff can recover only upon the allegations of his petition, he cannot recover upon negligence which warrants the application of the rule of 'last chance' without alleging it in his petition."

While the petition of the plaintiff in the case at bar does not specifically allege the doctrine of the last clear chance, yet by inference it may be regarded as alleged, especially since plaintiff asserts that he relies upon the last clear chance.

**Traction Company v Brandon, Admr., 87 Oh St 187,** holds that where a motorman operating a car upon a public street discovers, **or by the exercise of ordinary care and watchfulness should discover,** that the driver of a smaller vehicle is about to cross the track in front of the car, it is the motorman's duty to use ordinary vigilance to stop and check the car in order to avoid a collision. Such a rule would more nearly apply to the duty of the operators of the train to avoid the original collision and has no application to the last clear chance.

West, Receiver, v Gillette, Admr., 95 Oh St 305, related to a crossing accident and it was there held that the fact that the driver may have been originally negligent in the matter of going on the crossing, will not, as a matter of law, defeat his right of recovery for the injury if the motorman has not used vigilance after discovering him. This of course relates to the first collision, and has no direct application to last clear chance.

Pennsylvania Co. v Hart, 101 Oh St 196:

"It is error for the trial court * * to charge the doctrine of 'last clear chance' where there is no evidence tending to prove a state of facts bringing the case within the rule."

Robinson, J., states on page 200, that,

"For the defendant in error to have brought himself within the rule (last clear chance) and to have entitled himself to a charge of the court upon the subject, the evidence must have tended to show that, while his negligence may have contributed toward getting him in the position of danger, all negligence on his part had ceased for a sufficient time prior to the accident to have enabled the plaintiff in error, after it knew of his situation of peril, to have avoided the accident."

Brock v Marlatt, Admx., 128 Oh St 435:

"The last clear chance rule has no application to any situation except where the injured party through his own negligence has placed himself in a position of peril. The doctrine presupposes the antecedent negligence of the plaintiff, and an instruction on such issue is not proper where the negligence of the defendant and contributory negligence of the plaintiff are concurrent. (Railway Co. v Masterson, 126 Oh St 42, and Pennsylvania Co. v Hart, 101 Oh St 196 approved and followed.)"

Schaaf v Coen, Recr., 131 Oh St 279:

"Contributory negligence of plaintiff will not bar recovery in a case where the doctrine of 'last clear chance' is applicable, if the proximate cause of the plaintiff's injury was the failure of defendant to seasonably exercise his 'last clear chance' to avoid injury **after becoming aware of plaintiff's perilous position.**"

Day, J., on page 281 states:

"The controlling consideration, however, is not whether plaintiff was guilty of contributory negligence, but rather whether defendant **became aware of the plaintiff's position of peril** in time to have avoided injury by the exercise of ordinary care. If defendant could have avoided plaintiff's injury, the doctrine of 'last clear chance' * * * must be applied."

And on page 283:

"The rule generally recognized is that in a case where the doctrine of 'last clear chance' is applicable, plaintiff's contributory negligence will not bar recovery if the proximate cause of his injury was defendant's failure to seasonably exercise his 'last clear chance' to avoid injury **after becoming aware of plaintiff's perilous position.**"

"Where a plaintiff * * has caused himself to be placed in a perilous situation, he may recover under the rule of the 'last clear chance', notwithstanding his negligence, if the defendant did not, **after becoming aware of the plaintiff's perilous situation,** exercise ordinary care to avoid injuring him." Citing Railway Company v Masterson, supra.

**Ross v The Hocking Valley Ry. Co., 40 Oh Ap 447,** decision by Hornbeck, J., at page 452, et seq. The Court considers whether a charge touching the primary duty of the defendant toward the plaintiff or a last clear chance instruction, and the Judge then reviews the evidence and concludes on page 454 that the undisputed state of the record discloses that the engineer did not see the plaintiff at any time, nor did the fireman, until within 20 feet of the plaintiff. A brakeman testified that he had seen the plaintiff after he was 200 to 250 feet on the bridge, but this brakeman did not continue a lookout ahead, and the Court states that the pertinence of the plaintiff's special charge No. 5 became evident wherein it states, "If you find that an employee or employees of the defendant upon the engine could, in the exercise of ordinary care, have discovered plaintiff in a situation of danger in time to have avoided injuring him", etc. The Judge delivering the opinion of the Court at the bottom of page 456, et seq., states:

"This case accentuates the difficulty which is presented in last clear chance charges in determining whether or not

the obligation enjoined upon the defendant begins after the peril of the plaintiff is discovered or begins when, by the exercise of ordinary care, it could have been discovered. The decisions of the Supreme Court are not as clear as desired, but in so far as we are able to interpret them, they sustain the action of the trial judge." Citing cases.

And the Court concludes:

"The position of Ohio on this question is well stated in 45 Corpus Juris, 990: 'in some jurisdictions recovery is permitted only where defendant fails to exercise ordinary care to avoid the injury **after becoming actually aware of the peril of the injured person."**

The Judge states that Ohio is listed in the states supporting the text. See 45 Corpus Juris, 990, et seq., with citations; 38 Amer. Jur. 906.

The Court below took the position that under the rule in Ohio there should be an allegation that the defendant actually knew of the peril of the plaintiff and after such knowledge failed to use proper care in avoiding an injury. In view of the cases that we have cited and especially in view of the decision of our own Court, which has not been reversed, we feel obliged to sustain the position of the Court below and affirm his action in dismissing the plaintiff's petition. Judgment accordingly.

HORNBECK, P. J., and MILLER, J., concur.