(No. 8414—Decided May 25, 1959.)

*Mr. C. R. Beirne,* for appellant.
*Messrs. Waite, Schindel, Bayless & Schneider,* for appellee.

LONG, J. This is an action for damages sustained by plaintiff when its bus was struck by defendant's train. The case was tried to the court without a jury, and judgment was rendered for the defendant.

The collision occurred at the Mitchell Avenue grade crossing in the city of Cincinnati. When the bus reached the crossing, it made the usual safety stop, and then proceeded onto the tracks. As the bus crossed one rail of this track, there was a power failure due to the losing of contact between the trolley pole and the overhead wire. It appears that the rope attached to the trolley pole had become fouled and prevented the pole from maintaining contact with the wire. The bus driver had succeeded in correcting the power failure and had re-entered the bus. At about that time, defendant's train came into view. Because one of the doors of the bus remained open, after the passengers had been cleared, the bus could not be moved; there-

*Motion to certify the record overruled, December 9, 1959.

upon, the driver left the bus an instant before it was struck by the train.

The trial court found that the train crew saw the bus at the crossing when the train was 3,000 feet away; however, the crew did not actually see that the bus was in peril until the train was about 1,000 feet away; there is no dispute that it would take the train, under the existing conditions, 1,300 feet to stop. The cause of the failure of the train crew to see the situation of the bus on the track was due to a curve about 1,200 feet from the crossing. In spite of the application of the emergency brakes, the train hit the bus, causing the alleged damage.

Among other contentions, plaintiff claims that the defendant was guilty of wanton misconduct. We agree with the trial court that the evidence does not support such a claim. We agree further with the trial court that the doctrine of last clear chance has no application here. It is apparent that defendant exercised due care after it discovered the peril of the bus. In addition to this, the negligence of the plaintiff, in our opinion, continued down to the happening of the crash. There is no question that employment by plaintiff of the defective equipment, which caused the power failure, constituted negligence on its part. Even if this negligence, which created the peril, had ceased, nevertheless, the failure to close the bus door, which prevented the use of the power, was an additional act of negligence; this negligence was in operation at the instant of the crash. For this additional reason, the trial court was correct in holding the doctrine of last clear chance inapplicable. *Cleveland Ry. Co.* v. *Masterson,* 126 Ohio St., 42, 183 N. E., 873, 92 A. L. R., 15. See, also, *Hayman, Admx.,* v. *Penn. Rd. Co.,* 77 Ohio App., 135, 62 N. E. (2d), 724.

However, we are unable to agree with the trial court that defendant was negligent for failure of its crew to ''have seen that plaintiff's bus was fouling its track in sufficient time to bring its train to a stop before striking the bus.'' It is true that they saw the bus at the crossing some 3,000 feet away, but they were not conscious that the bus was on the track until they were only 1,000 feet away. It took 1,300 feet to stop. How can this be negligence?

376

It is our opinion that the sole cause of the collision was the negligence of the plaintiff.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and O'CONNELL, J., concur.