John Edward DAVIES, Appellant
(Plaintiff below),

v.

James DUGAN, Appellee (Defendant below).

No. 3001.

Supreme Court of Wyoming.

Oct. 10, 1961.

Mahoney & Murphy and J. F. Mahoney, Casper, for appellant.

Murane, Bostwick & McDaniel and R. R. Bostwick, Casper, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

In this action the plaintiff and appellant, John Edward Davies, a police officer of the City of Casper, sought to recover damages for injuries sustained in a rear end collision caused by the defendant and appellee, James Dugan. A jury was impanelled in the case but at the close of the evidence the court directed a verdict in favor of the defendant and appellee and entered judgment accordingly. From that judgment the plaintiff has appealed to this court. The plaintiff alleged that the collision was caused by the negligence of the defendant. The defendant denied that and alleged that it was caused by the sole negligence or contributory negligence of the plaintiff.

The facts are substantially undisputed. The collision occurred on East Second Street in Casper, Wyoming, a street running east and west, at a point about fifty-six feet west of the intersection of that street with Elk Street. The street was fifty-six feet wide and had four lanes of travel, the south two lanes intended for the traffic from west to east and the north two lanes intended for the traffic from east to west. On each side of the street was left a space of eight feet which could be used for parking cars. That space was available to the plaintiff at the time of the collision. The accident occurred on August 8, 1959, at about 9:30 p. m. The traffic on the street at that time was fairly heavy. The visibility was fair. Both plaintiff and defendant were traveling westward and so was a car called the Amadio car. There were green and red lights at the intersection with Elk Street. Plaintiff drove through that street on the green light and stopped approximately fifty-six feet west of that point because he saw some fracas or scuffling of some boys on the south side of the street and he thought that he should stop to see what it was about. He stopped right in the north lane of traffic, although he had plenty of space to have parked his car on the north of the lane of traffic. He stated that the stop was made without a signal and he did not have his siren or red light working. He admitted that he knew that vehicles were following him. He also admitted that he knew the ordinance of the City of Casper which in substance provided that he was not permitted to stop in the lane of travel except in an emergency and that when stopping he should stop to the right of the lane of travel. He stated that he thought the collision occurred about five or six seconds after he passed Elk Street. The defendant was traveling westward in the same lane of travel as the plaintiff. The Amadio car was traveling on the south of that lane. Both the Amadio car and Dugan's passed the intersection with Elk Street while the green light was on. Prior

to the time that the parties had reached Elk Street, the plaintiff had asked the occupants of the Amadio car to check their tail lights, and these occupants in turn asked Dugan to see whether their tail lights were in operation. Dugan consented to do so. So when Dugan's car and the Amadio car had passed through Elk Street, the Amadio car started ahead a little. Dugan eased up on his accelerator and looked at the Amadio car. Just as he looked he struck the plaintiff's car in the rear. He had no time to put on his brakes. At that time he was going from fifteen to twenty miles an hour, and he stopped almost instantly when he struck the car driven by the plaintiff but shoved the plaintiff's car ahead and somewhat to the right. If Dugan traveled at about twenty miles per hour, he would travel the fifty-six feet from Elk Street to the point of impact in about two seconds; if he traveled at fifteen miles per hour, the time would be a little longer.

■ The defendant was performing a benevolent act in seeing whether or not the tail lights of the Amadio car were on and he had a right to presume that the plaintiff would continue traveling instead of stopping in the lane of travel. However, he cannot be entirely absolved from the charge of negligence, because his primary duty was to look ahead and avoid a collision with a car traveling in front of him. Templar v. Tongate, 71 Wyo. 148, 255 P.2d 223; Tackett v. Milburn, 36 Wash.2d 349, 218 P.2d 298; Miller v. Cody, 41 Wash.2d 775, 252 P.2d 303; Billington v. Schaal, 42 Wash.2d 878, 259 P.2d 634; Rivard v. Plante, 80 R.I. 312, 96 A.2d 644. At the same time there can scarcely be any doubt that the plaintiff too was negligent and, in fact, grossly negligent in stopping right in the lane of travel when he knew that other cars were following him and when he had ample space to stop his car north of the lane of traffic. Only one inference could be drawn by the court as to whether or not either the plaintiff or the defendant was negligent and when that is true it becomes a question of law. O'Mally v. Eagan, 43 Wyo. 233, 2 P.2d 1063, 77 A.L.R. 582, re-

hearing denied O'Malley v. Eagan, 43 Wyo. 350, 5 P.2d 276, 77 A.L.R. 582; Hawkins v. Loffland Bros. Co., 70 Wyo. 366, 250 P.2d 498, 514. Hence, the trial court was right in directing a verdict for the defendant, unless it can be said that recovery may be had under the doctrine of the last clear chance.

■ We considered that doctrine in the case of Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796. In that case we held that the defendant traveled too fast, that he had an unobstructed view of the pedestrian who was crossing the street and that the defendant had ample time to prevent the injury to the pedestrian. But the facts in the case at bar are entirely different, as already mentioned, and involve not a pedestrian but two motor vehicles. In 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2816, Perm.Ed., the author remarks that the doctrine of the last clear chance is probably most often invoked in cases involving minors and pedestrians. The doctrine has its limitations. Thus it has been held that it is of limited and exceptional application in cases involving two moving vehicles. Hickok v. Skinner, 113 Utah 1, 190 P.2d 514; Gren v. Norton, 117 Utah 121, 213 P.2d 356; Folger v. Richfield Oil Corporation, 80 Cal.App.2d 655, 182 P.2d 337. In Welch v. Ada Oil Company, Tex. Civ.App., 302 S.W.2d 175, 179, a case involving an automobile collision on a busy street of a city, the court had this to say:

"Every person entering a street traveled by automobiles and trucks is in some danger and adult persons of ordinary intelligence realize the general hazard to all. A person in the traveled street seeing cross-traffic or vehicles ahead in his own traffic lane knows that a collision and possible injury will occur if the courses of the vehicles are not changed, or traffic controls and devices are not heeded or if vehicles' drivers do not act in the interest of their own and others' safety. Each driver in a busy street may assume that this knowledge is possessed by his fellow drivers and that each will take

necessary precautions to avoid a collision. The street hazard or peril is a common or general one and the discovered peril doctrine has no application. Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967 * * *."

In this case both parties were negligent. The negligence was substantially contemporaneous and continued up to the moment of the collision. It is generally held that when the negligence of the injured party continues up to the time of the injury and is a contributing factor in causing injury, the doctrine of the last clear chance does not apply. 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2814, Perm. Ed. (citing some eighty cases). See also numerous cases cited in Annotation, 92 A. L.R. 47, 63, and see 38 Am.Jur. Negligence § 220. In the case of Hayman v. Pennsylvania R. Co., 77 Ohio App. 135, 62 N.E.2d 724, 729, 730, the court cited the case of Drown v. Northern Ohio Traction Co., 76 Ohio St. 234, 81 N.E. 326, 10 L.R.A.,N.S., 421, 118 Am.St.Rep. 844, and quoted from it as follows:

> " 'The doctrine of "last chance," * * * does not apply where the plaintiff has been negligent, and his negligence continues, and concurrently with the negligence of defendant, directly contributes to produce the injury; it applies only where there is negligence of the defendant subsequent to, and not contemporaneous with, negligence by the plaintiff so that the negligence of defendant is clearly the proximate cause of the injury, and that of the plaintiff the remote cause.' "

In Bezdek v. Patrick, 170 Neb. 522, 103 N.W.2d 318, 325, the court said:

> "If appellant was guilty of negligence it continued up until the moment of impact. Under this situation the following is controlling: 'A person who is himself negligent may not recover under the doctrine of the last clear chance where his negligence is active and continuing to the very time of the accident. Such a situation involves questions of comparative negligence and not those of the last clear chance doctrine.' Trumbley v. Moore, 151 Neb. 780, 39 N.W.2d 613, 614. * * *"

In the case of Warner v. Keebler, 200 Wash. 608, 94 P.2d 175, it was said that the last clear chance doctrine is not applicable to defendants seeking recovery on a cross-complaint in an automobile collision case where negligence of defendants occurred just prior to, and continued up to, the time of an accident and there was no showing that plaintiff actually saw defendants' peril until it was too late to avoid collision. So it was held in Chadwick v. Ek, 1 Wash.2d 117, 95 P.2d 398, that where a driver of an automobile did not see persons standing on a highway until the moment of collision, and at that time the negligence of the persons in so standing had not ceased, recovery for death of one and for injury sustained by the other could not be based on the doctrine of last clear chance. See also to a similar effect: Woodrow v. Woodrow, Ind.App., 172 N.E.2d 883; Porto v. Consolidated Motor Lines, Inc., 117 Conn. 681, 169 A. 48; McCallum v. Adkerson, La.App., 126 So.2d 835. In 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2818, p. 428, Perm.Ed., the author states:

> "One traveler may ordinarily assume that another will act reasonably and will not break the law or enter a position of peril, and hence cannot be held liable under the last clear chance doctrine unless he has notice of the other traveler's probable breach of law or negligent act in time to avoid injuring him."

To the same effect is Prosser, Torts, p. 294, n. 95, 2d Ed., and cases cited. In the case at bar the defendant did not know that the plaintiff was in a position of peril until the collision occurred, and he was not then able to prevent it.

The judgment of the trial court is affirmed.

Affirmed.